[No. 23772. Department One. July 27, 1932.]

THE STATE OF WASHINGTON, *on the Relation of Michael O'Brien et al., Plaintiff,* v. OTIS W. BRINKER, *Judge of the Superior Court for King County, et al., Respondents.*[1]

*Henry T. Ivers* and *Stephen V. Carey,* for relator.
*A. C. Van Soelen, Charles L. Smith,* and *John A. Logan,* for respondents.

MITCHELL, J.—This is an original action in this court. The city of Seattle, by condemnation proceed-

[1] Reported in 13 P. (2d) 63.

ings pending in the superior court, seeks to acquire from the owners, Michael O'Brien and Rose Anna O'Brien, his wife, a part of Tract 28, Merrick's Acre Tracts Addition to the City of Seattle, needed for an electric transmission system to be constructed for the purpose of furnishing the public with electric energy for lighting and other public uses.

In due course of the condemnation proceedings, a jury trial was had to determine the amount of the compensation to be paid to the owners. The trial resulted in a verdict in the sum of $4,700. The property owners filed a motion for a new trial on several statutory grounds, among them, inadequacy of the award. Upon hearing the motion, the court entered an order expressing therein the opinion that the verdict is contrary to law and the evidence, and that, to prevent a failure of justice, the verdict should be set aside, and further recited:

"IT IS ORDERED that the verdict of the jury returned and filed herein on the 11th day of February, 1932, fixing the compensation and damages to be paid by petitioner to said respondents at the sum of $4,700, be, and it is hereby, set aside, and the motion of said respondents for a new trial herein be, and it is hereby granted."

Still further, the order states:

"*Provided, however,* that if the petitioner shall within ten (10) days from the date hereof elect to pay the said respondents, Michael O'Brien and Rose Anna O'Brien, his wife, the sum of $5,000 as compensation for the appropriation of and right to damage respondents' property, as prayed in the petition herein, then, and in that event, the respondents' said motion for new trial shall be, and it is hereby denied. Said election shall be made by petitioner by filing in this cause its written stipulation to that effect."

The property owners promptly served and filed a written refusal to accept the amount fixed by the court,

and demanded a jury trial. Within the time limited by the order, the city filed its written election to pay $5,000 as compensation to the owners. Thereupon, as the city says in its written brief in this court, the city prepared and presented a form of judgment fixing the compensation for damages in the sum of $5,000, which was not signed because

" . . . the trial judge allowed relators ten days in which to petition for a writ of certiorari to this court, or in the alternative a final judgment would be entered in accordance with the above mentioned order."

Upon petition filed in this court, a writ of review was issued for which was substituted an order to show cause why a writ should not issue, to which a motion to quash has been filed, all of which have been argued and submitted by respective counsel.

On the motion to quash, the city contends that the writ is not authorized under the statute—that the order on the motion for a new trial is no more than an interlocutory order, and that the trial court will not be prevented from proceeding to a final judgment from which an appeal lies. On the contrary, the plaintiffs contend that, on account of the exigency caused by the proviso in the order of the trial court and the declared purpose to enter a final judgment, an appeal or review thereafter in this kind of a case would be inadequate, and that the remedy by writ of review is imperative at this time.

If the intended judgment were entered, then Rem. Comp. Stat., § 9230, relative to the effect of a judgment rendered fixing the amount of damages in condemnation proceedings, would immediately become operative and control the situation. That section says:

"Such judgment or judgments shall be final and conclusive as to the damages caused by such improvement

unless appealed from, *and no appeal from the same shall delay proceedings under said ordinance, if such city shall pay into court for the owners and parties interested, as directed by the court, the amount of the judgment and costs, . . ."*

The statute is plain, and the effect of it in this case, after the entry of a judgment such as the one proposed, would be, as plaintiffs correctly argue, to allow the city to enter and appropriate their property without their consent, and, as we shall presently see, in defiance of the guaranteed right of a trial by jury to fix the compensation for the property taken and damaged, prior to any appropriation of it.

Under the peculiar circumstances of this case, the writ of review is the proper remedy. The motion to quash is denied.

The second question in the case is the contention of the plaintiffs that they have been denied a jury trial. The contention arises because of the proviso in the order on the motion for a new trial. As already noticed, that order recites that the verdict fixing compensation and damages "at the sum of $4,700 be and it is hereby set aside, and the motion of respondents [O'Brien and wife] for a new trial herein be and it is hereby granted." Then follows the proviso that, if the city pay or elect to pay the property owners $5,000 within ten days, the motion for a new trial will be denied. This proposal was declined by the property owners, but agreed to by the city, and a judgment was presented by the city accordingly.

To what is the amount of $5,000 referable? Certainly not to the finding or verdict of a jury. A jury had fixed the amount at $4,700, which, upon the property owners' motion for a new trial, was declared by the court to be inadequate, and for which reason the verdict was set aside and a new trial granted. Then the

court, of its own accord, and without any reference whatever to the sum of $4,700, mentioned in the verdict so emphatically set aside, fixed the amount of compensation at $5,000 and, in legal effect, said to the city, "Pay that amount and you may take and damage the property whether the owners consent or not, and irrespective of the right of trial by jury."

Clearly, the proviso in the order, or any attempt to proceed under it, was without legal authority and power, and was violative of Art. I, § 16, of the state constitution, which provides that, in eminent domain proceedings, "compensation shall be ascertained by a jury, unless the jury be waived," and also contrary to Rem. Comp. Stat., §§ 9221 and 9222, providing for trial by jury in such cases. In this case, there was no waiver of a jury.

The writ prayed for will be issued, directing the trial court to set aside and cancel the proviso in the order and to proceed with the new trial granted by the order.

TOLMAN, C. J., HOLCOMB, PARKER, and STEINERT, JJ., concur.