634 P.2d 202 (1981)
96 N.M. 65
In the Matter of the Application of ANGEL FIRE CORPORATION for a Supplemental Well,
ANGEL FIRE CORPORATION, Applicant-Appellant,
v.
C.S. CATTLE COMPANY, Springer Ditch Company and The City of Springer, Protestants-Appellees,
v.
S.E. REYNOLDS, State Engineer, Party in Interest-Appellant.
No. 13581.
Supreme Court of New Mexico.
September 22, 1981.
Montgomery & Andrews, John B. Draper, Santa Fe, for applicant-appellant.
Jeff Bingaman, Atty. Gen., G. Emlen Hall, Asst. Atty. Gen., Santa Fe, for appellant, State Engineer.
Paul A. Kastler, Raton, for protestants-appellees.

OPINION
PAYNE, Justice.
This appeal requires a determination of the proper procedure for appeal to the district *203 courts from actions taken by the State Engineer. § 72-7-1, N.M.S.A. 1978.
The relevant events transpired as follows:
September 8, 1978  Appellant Angel Fire applied for a supplemental water well.
September 22, 1980  The State Engineer issued findings and an order favorable to Angel Fire.
October 1, 1980  Angel Fire petitioned to modify the order.
October 6, 1980  C.S. Cattle Co. (C.S.) filed a Notice of Appeal in district court and mailed copies to Angel Fire's counsel.
October 28, 1980  The State Engineer issued a second order in the case, denying all significant modifications requested by Angel Fire but correcting an inconsequential error found in the September 22 order.
October 30, 1980  C.S. received a copy of the State Engineer's modification order of October 28, 1980.
October 30, 1980  Angel Fire was personally served with notice of C.S.'s appeal from the September 22 order.
December 31, 1980  Angel Fire moved to dismiss C.S.'s appeal on grounds that the court lacked jurisdiction because Angel Fire had not been personally served within thirty days after the September 22 decision.
March 10, 1981  The district court denied Angel Fire's motion to dismiss and authorized an interlocutory appeal.
Angel Fire appeals the district court's denial of its motion to dismiss.
Section 72-12-10, N.M.S.A. 1978, states that "[t]he decision of the state engineer shall be final in all cases unless appeal be taken to the district court within thirty days after his decision as provided by § 72-7-1 N.M.S.A. 1978." Section 72-7-1, N.M.S.A. 1978, states:
A. Any applicant or other party dissatisfied with any decision, act or refusal to act of the state engineer may appeal to the district court... .
B. Appeals to the district court shall be taken by serving a notice of appeal upon the state engineer and all parties interested within thirty days after receipt by certified mail of notice of the decision, act or refusal to act. If an appeal is not timely taken, the action of the state engineer is conclusive.
C. The notice of appeal may be served in the same manner as a summons in civil actions brought before the district court or by publication is [in] some newspaper ... once a week for four consecutive weeks. The last publication shall be at least twenty days prior to the date the appeal may be heard. Proof of service of the notice of appeal shall be made in the same manner as in actions brought in the district court and shall be filed in the district court within thirty days after service is complete.
The judiciary determines rules of procedure for cases within the judicial system, Ammerman v. Hubbard Broadcasting, Inc., 89 N.M. 307, 551 P.2d 1354 (1976) cert. denied, 436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978); State v. Roy, 40 N.M. 397, 60 P.2d 646 (1936), pursuant to its authority under the separation of powers doctrine N.M. Const., Art. III, § 1. However, the statute here establishes an administrative procedure for taking a case or controversy out of the administrative framework into the judicial system for review. Jurisdiction of the matters in dispute does not lie in the courts until the statutorily required administrative procedures are fully complied with. The courts have no authority to alter the statutory scheme, cumbersome as it may be. Accordingly, we reverse.
The statutory requirements are clear. "[A]ny decision, act or refusal to act of the state engineer" may be appealed. § 72-7-1. Thus, there is no requirement of finality. In the posture of the present case, C.S. is therefore required to appeal separately from the September 22 order and the *204 October 28 modification order if it contests each.
The statute requires service on all interested parties within thirty days. Thus, service on counsel will not suffice if service is not also made on the actual parties to the litigation. C.S.'s attempted appeal fails since no service was made upon Angel Fire until after the thirty-day period expired.
The remaining provisions are not before this Court.
The decision of the district court is reversed. The cause is remanded with directions to dismiss the appeal.
BE IT SO ORDERED.
SOSA, Senior Justice, and RIORDAN, J., concur.