781 P.2d 319

**Leroy SANCHEZ,
Respondent–Appellant,**

**v.**

**BRADBURY & STAMM CONSTRUC-
TION and Transamerica Insurance
Services, Claimants–Appellees.**

**No. 11602.**

Court of Appeals of New Mexico.

Sept. 7, 1989.

Certiorari Denied Oct. 18, 1989.

Leof T. Strand, Albuquerque, for respondent-appellant.

Arlon L. Stoker, Jr., Albuquerque, for claimants-appellees.

OPINION

DONNELLY, Judge.

Appellant filed an application for interlocutory review of a hearing officer's order denying his motion to dismiss appellees' petition to reduce his workers' compensation benefits. We conclude that we are without jurisdiction to grant the application because the court of appeals only has jurisdiction to review matters as provided by law and the legislature has not conferred jurisdiction upon this court to consider interlocutory appeals from the Workers' Compensation Division (Division). Accordingly, we deny the application for interlocutory review and remand the matter to the Division for further proceedings.

Appellant was injured on January 17, 1984. Appellees voluntarily paid him workers' compensation benefits from the date of his injury until he returned to work in April or May of the same year. On April 27, 1986, appellant again left work as a result of the January 1984 accidental injury, and

appellees again voluntarily paid him workers' compensation benefits. No claim for compensation benefits has ever been filed by appellant. On January 11, 1989, appellees filed in the Division a petition to reduce benefits pursuant to NMSA 1978, Section 52–5–5(A) (Repl.Pamp.1987). Appellant then filed a motion to dismiss appellees' petition asserting lack of jurisdiction. The hearing officer denied the motion but certified the order for interlocutory appeal. *See* NMSA 1978, § 39–3–4(A).

The issue certified for interlocutory review is whether the Division may consider an employer's petition for reduction of benefits where no compensation order has been previously entered. In considering whether to grant the application, we address initially the threshold question of whether this court has jurisdiction to entertain appellant's application. The parties have filed responses to our order to show cause as to whether this court has jurisdiction to grant the application. Appellees argue we have jurisdiction and appellant concedes we do not have jurisdiction.

JURISDICTION

The court of appeals only has jurisdiction to review matters as provided by law. N.M. Const. art. VI, § 29; *State ex rel. Townsend v. Court of Appeals*, 78 N.M. 71, 428 P.2d 473 (1967); *State ex rel. Dep't of Human Servs. v. Manfre*, 102 N.M. 241, 693 P.2d 1273 (Ct.App.1984). Since appellant's petition was filed after December 1, 1986, the Division has original jurisdiction over appellees' petition to reduce benefits. *See Wylie Corp. v. Mowrer*, 104 N.M. 751, 726 P.2d 1381 (1986). However, Section 39–3–4(A), the statutory authorization for interlocutory appeals, only provides for interlocutory appeals from the district court.

Our appellate rules, SCRA 1986, 12–101 through 12–607, include procedural rules pertaining to interlocutory appeals. *See* R. 12–203. They also provide for the substitution of the administrative agency appealed from whenever the rules refer to the district court. *See* R. 12–601(B). However, our appellate rules do not confer the right to appeal since the right of appeal is a matter of substantive law outside of the

supreme court's rule making authority. *See Durand v. New Mexico Comm'n on Alcoholism*, 89 N.M. 434, 553 P.2d 714 (Ct.App.1976). Thus, the appellate rules do not provide authority for interlocutory review in the instant matter.

Appellees contend that NMSA 1978, Section 52–5–8(B) (Repl.Pamp.1987) permits this court to review interlocutory appeals from the Division. Subsections (A) and (B) provide:

A. Any party in interest may, within thirty days of mailing of the final order of the hearing officer, file a notice of appeal with the court of appeals.

B. A decision of a hearing officer is reviewable by the court of appeals in the manner provided for other cases and is subject to stay proceedings as provided by the rules of civil procedure for the district courts, except that the appeal shall be advanced on the calendar and disposed of as promptly as possible.

Appellees argue that subsection 52–5–8(B) is the general provision that provides authority for interlocutory appeals from decisions of hearing officers and that the term "other cases" in subsection (B) refers to district court cases. They note that properly certified decisions of district courts are reviewable pursuant to Section 39–3–4 and argue correspondingly that if an interlocutory appeal is a manner of appeal available in district court cases, the statute contemplates that the same manner of appeal is made applicable to workers' compensation cases by Section 52–5–8(B). They further argue that subsection 52–5–8(A) does not limit the kinds of appeals from the Division, including interlocutory appeals, but only addresses itself to the proper timing of a notice of appeal from final orders.

Although subsection 52–5–8(A) expressly provides for a direct appeal from a final order of the hearing officer, the statute does not expressly provide for an interlocutory appeal from a non-final order. Subsection 52–5–8(A) limits appellate jurisdiction to review final orders of the Division. Similarly, subsection 52–5–8(B), does not

explicitly provide for a right of interlocutory appeal.

The general rule in administrative law is that, absent express statutory authorization, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Coca–Cola Co. v. F.T.C.*, 475 F.2d 299, 302 (5th Cir.), *cert. denied*, 414 U.S. 877, 94 S.Ct. 121, 38 L.Ed.2d 122 (1973) (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463–464, 82 L.Ed. 638 (1938)); *see also Angel Fire Corp. v. C.S. Cattle Co.*, 96 N.M. 651, 634 P.2d 202 (1981). As observed by our supreme court in *Angel Fire*, "[j]urisdiction of the matters in dispute does not lie in the courts until the statutorily required administrative procedures are fully complied with. The courts have no authority to alter the statutory scheme...." *Id.* at 652, 634 P.2d at 203.

We believe the legislature did not intend to permit interlocutory appeals from the Division and that appellate review is limited to final orders as specified in subsection 52–5–8(A). We also determine that subsection 52–5–8(B) does not provide statutory authority for interlocutory appellate review of non-final administrative orders of the Division.

Under Section 39–3–4(A), only the district court is authorized to certify a question for interlocutory appellate review. We conclude that if the legislature had intended to extend to the Division the authority to certify questions for interlocutory appeal it would have specifically so provided. *See Garrison v. Safeway Stores*, 102 N.M. 179, 692 P.2d 1328 (Ct.App.1984).

The intent of the legislature in creating the workers' compensation division was, in part, to assure the quick and efficient delivery of indemnity and medical benefits to injured and disabled workers. *See* NMSA 1978, § 52–5–1 (Repl.Pamp.1987). In order to effect this intent, the act provides specific time limits for resolving a claim. Within sixty days after receipt of a claim, the director is required to issue his recommendations for resolution of the claim and to provide the parties with a copy. *See* § 52–5–5(C). Within thirty days of receipt of the recommendation, each party must notify the director of the acceptance or rejection of the recommendation. *See id.* If the matter cannot be resolved by informal conference or other techniques, the director is then required to transmit a copy of the claim to the other parties. *See* NMSA 1978, § 52–5–7(A) (Repl.Pamp.1987). A written answer to the claim is required within twenty days of receipt of it and a formal hearing is to be held within sixty days of the filing of the answer. *See id.;* § 52–5–7(B). A final decision is to be filed with the director within thirty days of the hearing. *See id.*

There is no provision in this expedited process for a delay resulting from an interlocutory appeal. In fact, such a delay is inconsistent with the expedited process since it is otherwise possible to obtain a final order from the Division in a little more than six months. *See New Mexico State Bd. of Educ. v. Board of Educ. of Alamogordo Pub. School Dist. No. 1*, 95 N.M. 588, 624 P.2d 530 (1981). Accordingly, there is no apparent need for an interlocutory appeal from the Division.

We do not believe that the language relied on by appellees was intended to grant the right of interlocutory appeal. We believe the language is addressed to the standard of review applied to the decision of a hearing officer. *See Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 767 P.2d 363 (Ct.App.1988) (construing same language and holding that the hearing officer's decision is reviewed on the record as a whole). Also, the preceding workers' compensation act used the identical language in reference to an appeal from the district court to the state supreme court. *See* NMSA 1978, § 52–1–39(A) (Orig.Pamp.). Thus, we conclude that there is no authority permitting an application for an interlocutory appeal from a non-final order issued by the Division, and that this court is without jurisdiction to grant the application herein.

There are two exceptions to the general rule prohibiting interlocutory review. One is the assertion of a constitutional right;

the second is the class of cases in which claim is made that an agency has exceeded its authority or otherwise acted in a manner clearly at odds with the specific language of a statute. *See Coca–Cola Co. v. F.T.C.* Appellant does not claim either exception. Instead he concedes that this court is without jurisdiction in this matter and claims that the district court has original jurisdiction pursuant to N.M. Const. Art. VI, Section 13. However, the only issue before this court is whether we have jurisdiction in this matter, not whether the district court has jurisdiction. Accordingly, we need not reach the question of whether the district court has original jurisdiction.

For the above reasons, we deny appellant's application for interlocutory appeal. The matter is remanded to the Workers' Compensation Division for further proceedings.

IT IS SO ORDERED.

ALARID and APODACA, JJ., concur.