851 P.2d 1065

### Gloria TRUJILLO, Claimant–Appellant/Cross–Appellee,

v.

### HILTON OF SANTA FE and Crawford & Company (Travelers), Respondents–Appellees/Cross–Appellants.

No. 14127.

Court of Appeals of New Mexico.

Jan. 6, 1993.

Rehearing Denied Feb. 1, 1993.

Certiorari Granted March 11, 1993.

**400**

James A. Burke, Santa Fe, for claimant-appellant/cross-appellee.

Todd M. Aakhus, Stirling & Stepleton, Albuquerque, for respondents-appellees/cross-appellants.

## OPINION

MINZNER, Judge.

Worker appeals from the compensation order entered by the workers' compensation judge (WCJ) awarding compensation benefits and from the subsequent order awarding attorney fees; Respondents cross-appeal from the order awarding attorney fees to Worker. Respondents have moved to dismiss Worker's appeal from the compensation order on the ground that the notice of appeal was not timely filed.

Respondents' motion raises a question of critical importance to injured workers and their attorneys: whether, under *Kelly Inn No. 102, Inc. v. Kapnison,* 113 N.M. 231, 824 P.2d 1033 (1992), a compensation order of the Workers' Compensation Administration (Administration) awarding compensation and medical benefits but not resolving the issue of attorney fees is a final order for purposes of appeal. For the reasons discussed below, we hold that Worker's time to file her notice of appeal ran from the date of the compensation order. *See* NMSA 1978, § 52–5–8(A) (Repl.Pamp.1991); *Tzortzis v. County of Los Alamos,* 108 N.M. 418, 773 P.2d 363 (Ct.App.1989). Because no extensions of time were requested from or granted by this Court, *see* SCRA 1986, 12–201(E) & 12–601(C) (Repl.1992), Worker had thirty days from the date of the compensation order to file her notice of appeal with this Court. The notice of appeal having been filed more than thirty days after the compensation order, we grant Respondents' motion to dismiss Worker's appeal as untimely filed. *See Govich v. North Am. Sys., Inc.,* 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (timely filing of the notice of appeal is mandatory).

During calendaring, Worker indicated that her appeal of the attorney fee award was intended to preserve her entitlement to additional fees if this Court reversed the WCJ on the issues concerning the aggravation of her diabetic condition by the accidental injury. In view of our disposition of her appeal from the compensation order, we do not discuss her appeal from the attorney fees award further.

The cross-appeal raises several issues. Respondents indicate that they have been persuaded that the first issue is of minor significance. We construe it to have been abandoned. *See State v. Johnson,* 107 N.M. 356, 758 P.2d 306 (Ct.App.1988); *State v. Martinez,* 97 N.M. 585, 642 P.2d 188 (Ct.App.1982). In the remaining issues, Respondents argue that this Court should remand the case to the Administration for entry of findings and conclusions on the factors that are considered by the WCJ in determining the amount of attorney fees. For the reasons that follow in the discussion of the cross-appeal, we hold that Respondents failed to preserve any error with respect to the attorney fees award.

## APPEAL.

On August 10, 1990, Worker suffered an accidental injury to her tailbone. Her claim for benefits was filed with the WCA on December 10, 1990. Briefly, the claim alleged that Worker fell at work, breaking her tailbone, and that the injury aggravated her preexisting diabetic condition. Ultimately a formal hearing was held on the matter. On June 16, 1992, the WCJ filed findings of fact and conclusions of law, awarding Worker temporary total disability

benefits and medical benefits for the broken tailbone, but rejecting her claim that the injury had aggravated her diabetic condition. On June 25, 1992, the WCJ filed a compensation order ordering that Worker be paid compensation consistent with the findings of fact and conclusions of law previously filed.

On June 26, 1992, Worker filed a motion for attorney fees. The WCJ held a hearing on the issue, and on July 20, 1992, filed an order awarding attorney fees to Worker. On August 4, 1992, Worker filed a notice of appeal in this Court, indicating that she was appealing both the compensation order and the order on attorney fees.

On August 13, 1992, Respondents moved to dismiss Worker's appeal, arguing that the notice of appeal was not timely with respect to Worker's attempt to appeal from the compensation order. Our first and second calendar notices proposed to grant the motion to dismiss. Worker has filed timely memoranda in opposition to both calendar notices.

 In her latest response, Worker argues that this case should be assigned to either a general or a limited calendar for full briefing; she also requests oral argument. However, summary disposition is appropriate when the dispositive facts are clear and the parties have had an opportunity to express their views. *See Garrison v. Safeway Stores*, 102 N.M. 179, 692 P.2d 1328 (Ct.App.1984). The dispositive facts in this case are clear on the record. Worker's memoranda in opposition have been extensively researched and well argued. Moreover, we agree with Worker that it is important to resolve this issue expeditiously and by a published opinion because our ruling will have a substantial impact on the handling of appeals in workers' compensation cases. We do not think oral argument is necessary. Under these circumstances, we think assignment of this case to the general calendar would add nothing but delay to these proceedings.

In *Kelly Inn*, our Supreme Court adopted the following guidelines to determine the finality of an order or judgment for purposes of appeal:

Where a judgment declares the rights and liabilities of the parties to the underlying controversy, a question remaining to be decided thereafter will not prevent the judgment from being final if resolution of that question will not alter the judgment or moot or revise decisions embodied therein. Where a postjudgment request, such as one for attorney's fees, raises issues "collateral to" and "separate from" the decision on the merits, such a request will not destroy the finality of the decision; proceedings to carry out or give effect to the judgment do not render the judgment nonfinal, because the trial court always retains jurisdiction to enforce its unsuperseded judgment. [Citations omitted.]

113 N.M. at 238, 824 P.2d at 1040. In so holding, the Supreme Court specifically overruled *Watson v. Blakely*, 106 N.M. 687, 748 P.2d 984 (Ct.App.1987), and *Johnson v. C & H Construction Co.*, 78 N.M. 423, 432 P.2d 267 (Ct.App.1967), to the extent that those cases could be read to hold that a judgment was not final because an issue concerning attorney fees remained to be resolved. 113 N.M. at 239, 824 P.2d at 1041. The Court made it clear that the pendency of an issue concerning attorney fees did not destroy the finality of a judgment, regardless of whether the claim for fees was "conceptualized as part of the relief afforded by the statute or other governing rule or contract." *Id.* The Court considered the strong policy against piecemeal appeals, but determined that policy was outweighed by the "equally important policy of facilitating meaningful appellate review of cases in which the aggrieved party exercises the constitutional right to an appeal." *Id.* at 240, 824 P.2d at 1042.

In Worker's latest response, she contends: (1) that the filing of her motion for attorney fees extended the time for appeal, and therefore her notice of appeal was timely; (2) that workers' compensation proceedings are sui generis, and therefore *Kelly Inn* should not be applied to them; and (3) that *Kelly Inn* effects a substantial change in the law, which should not be

applied to this case. We discuss each of these contentions.

■ We turn first to Worker's contention that the filing of her motion for attorney fees tolled the time for filing the notice of appeal. Rule 12–201(D) provides, in pertinent part:

If a party timely files a motion pursuant to Section 39–1–1 NMSA 1978, Rule 1–050(B), 1–052(B)(2), or 1–059 ... the ... time ... for the filing of the notice of appeal shall commence to run and be computed from either the entry of an order expressly disposing of the motion or the date of any automatic denial of the motion ... whichever occurs first.

The Administration has adopted rules governing formal hearings. Rule WCD 89–2(I)(A) (June, 1989) provides in pertinent part that "[e]xcept where otherwise provided in these Rules, the Rules of Civil Procedure for the District Courts of New Mexico shall apply." We agree that the filing of one of the motions referred to in Rule 12–201(D) would extend the time for filing an appeal from the compensation order. However, we do not agree with Worker that such a motion was filed in this case.

■ Worker argues that her motion for fees can be treated as a motion under SCRA 1986, 1–059 (Repl.1992). In support of this, she cites *Croker v. Boeing Co. (Vertol Div.)*, 662 F.2d 975 (3d Cir.1981) (holding that the judgment was not final for purposes of appeal until the amount of attorney fees is determined); *Glass v. Pfeffer*, 657 F.2d 252 (10th Cir.1981) (civil rights action; judgment not final until the full extent of the party's liability is determined); and *Gurule v. Wilson*, 635 F.2d 782 (10th Cir.1981) (similar to *Glass*). However, these cases were decided at a time when there was a split in the circuits on the issue. This issue has now been resolved against Worker by the United States Supreme Court. *See White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (a motion for attorney fees is not a motion under Fed.R.Civ.P. 59(e) because it does not seek reconsideration of matters properly encompassed in a decision on the merits); *see also Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) (judgment on the merits is a final, appealable judgment; pendency of fee proceedings, regardless of the nature of entitlement to the fees, does not destroy the finality of the judgment).

Worker cites NMSA 1978, Section 39–1–1 (Repl.Pamp.1991). However, she no longer argues that her motion for attorney fees was a motion under that statute. The motion itself "requests an award of attorney's fees based on the attached affidavit of time and made pursuant to 52–1–54, NMSA." We do not think we can fairly characterize the motion as made under Section 39–1–1.

■ Our Supreme Court has clearly held that a judgment is final if it determines the rights and liabilities of the parties to the underlying controversy, even though there are collateral or separate questions that remain to be resolved. In determining the finality of the order, the critical issue is whether the subsequent proceedings will alter the judgment or moot or revise the decision embodied therein. *Kelly Inn*, 113 N.M. at 238, 824 P.2d at 1040. In this case, the compensation order resolved all the issues that had been raised by Worker concerning her entitlement to disability and medical benefits. The proceedings concerning fees would not affect or revise these determinations. Moreover, the proceedings concerning fees did not result in an amended compensation order, but in a separate order determining the amount of the attorney fees. Thus, we hold that the motion for attorney fees was not a motion directed "against such judgment" within the meaning of Section 39–1–1, and thus was not a motion under that statute for purposes of Rule 12–201(D).

■ Next, Worker argues that *Kelly Inn* should not be applied to workers' compensation proceedings because workers' compensation proceedings create rights, remedies, and procedures that are distinctive. *See, e.g., Williams v. Amax Chem. Corp.*, 104 N.M. 293, 720 P.2d 1234 (1986); *Security Ins. Co. v. Chapman*, 88 N.M. 292, 540 P.2d 222 (1975); *Anaya v. City of Santa Fe*, 80 N.M. 54, 451 P.2d 303 (1969).

Moreover, under the present statutory scheme, claims for compensation are handled by an administrative body rather than a district court.

Worker relies on the following language from *Sanchez v. Bradbury & Stamm Construction*, 109 N.M. 47, 781 P.2d 319 (Ct. App.1989):

> The general rule in administrative law is that, absent express statutory authorization, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." As observed by our supreme court in *Angel Fire [Corp. v. C.S. Cattle Co.*, 96 N.M. 651, 634 P.2d 202 (1981) ], "[j]urisdiction of the matters in dispute does not lie in the courts until the statutorily required administrative procedures are fully complied with. The courts have no authority to alter the statutory scheme...." *Id.* at 652, 634 P.2d at 203. [Citations omitted.]

*Id.* at 49, 781 P.2d at 321. Worker points out that the workers' compensation act contemplates that employers be responsible for a portion of the worker's attorney fees in certain circumstances and requires Worker's attorney to obtain approval of any fee charged to her. *See* NMSA 1978, § 52–1–54(A) (Repl.Pamp.1991) (effective until January 1, 1991). Thus, Worker contends, the administrative proceedings are not final until the matters concerning the fees have been resolved.

Worker's reliance on *Sanchez* is misplaced. In *Sanchez* we held that this Court did not have jurisdiction to hear interlocutory appeals from the Administration. As we noted in that case, this Court has only such jurisdiction as the legislature provides for us. 109 N.M. at 48, 781 P.2d at 320. With respect to proceedings in the Administration, the legislature has provided for an appeal from the final order of the WCJ. Section 52–5–8(A). In *Kelly Inn*, our Supreme Court clarified the circumstances under which an order is final. In effect, then, *Kelly Inn* defines the final order to which Section 52–5–8(A) refers.

■ In a similar vein, Worker points out that the legislature has required that the decision of the WCJ filed after an evidentiary hearing on the merits:

> [S]hall be made in the form of a compensation order, appropriately titled to show its purpose and containing a report of the case, findings of fact and conclusions of law and, if appropriate, an order for the payment of benefits under the Workers' Compensation Act [Chapter 52, Article 1 NMSA 1978]....

NMSA 1978, § 52–5–7(B) (Repl.Pamp.1991). Worker contends that the use of the term "compensation order" in Section 52–5–7(B) and the term "final order" in Section 52–5–8(A) indicates that the legislature did not intend the compensation order to be a final order. However, we believe that the use of the term "final order" in Section 52–5–8(A) indicates only that the legislature recognized that a compensation proceeding may also be concluded in a manner that does not result in a compensation order.

This Court has previously noted the need for an expeditious resolution of compensation proceedings. *See, e.g., Sanchez*, 109 N.M. at 49, 781 P.2d at 321. Appeals from these proceedings are given a statutory priority in this Court. *See* § 52–5–8(B). *Kelly Inn* advances this policy by making compensation orders immediately appealable, despite the pendency of proceedings concerning fees.

■ Finally, Worker contends that this Court should consider her appeal on the merits because she reasonably relied on the long-standing precedent of *Johnson*. We recently indicated that this Court might have discretion to consider an otherwise untimely appeal when a party has relied on long-standing precedent that indicated that the order from which it wished to appeal was not final. *See In re Estate of Newalla*, 114 N.M. 290, 837 P.2d 1373 (Ct.App. 1992); *see also State v. Alvarez*, 113 N.M. 82, 85, 823 P.2d 324, 327 (Ct.App.1991) (suggesting that this court has discretion to consider untimely appeals). We assume without deciding that we have some discretion to consider untimely appeals. *Cf. Govich*, 112 N.M. at 230, 814 P.2d at 98 (time

and place of filing notice of appeal should be described as "mandatory"). However, in this case, we are not inclined to exercise our discretion.

*Kelly Inn* was decided on January 7, 1992, and published in the State Bar Bulletin on February 20, 1992. *See* Vol. 31, No. 8, SBB 173. Since its publication, we have interpreted and applied it as having overruled *Johnson,* although we have not yet done so in a formal opinion. In *Newalla,* the order from which appellant wished to appeal was filed before *Kelly Inn* was decided. The WCJ's findings and conclusions and the compensation order in this case were filed five months after the opinion in *Kelly Inn* was filed and approximately four months after the opinion had been published.

Moreover, on August 13, 1992, at the time Respondents filed their motion to dismiss the appeal as untimely, there was still time within which Worker might have obtained an extension of time to file the notice of appeal. *See* R. 12–201(E) & 12–601(C). Under the appellate rules, this Court was authorized to grant an extension of time within the sixty-day period after the compensation order was entered. *Id.* No motion for an extension of time has ever been filed.

Under these circumstances, we do not believe the appellate rules authorize the relief Worker requests. *See id.* While we agree that *Kelly Inn* changed the law, we are not persuaded that there is any basis for not applying it to this case.

 Worker has moved that the case be remanded for the purpose of allowing the WCJ to amend her orders of June 25 and July 20, 1992, and enter a single order. *See State ex rel. Bell v. Hansen Lumber Co.,* 86 N.M. 312, 523 P.2d 810 (1974). Worker invokes NMSA 1978, Section 52–5–9 (Repl.Pamp.1991), the workers' compensation analogue to SCRA 1986, 1–060(B) (Repl.1992), saying that it was excusable neglect to fail to file a notice of appeal after the original compensation order was entered and before the attorney fees award was made. We deny the motion. Several cases decided under Rule 1–060(B) hold that it is not to be used to extend the time for an appeal. *See, e.g., Gedeon v. Gedeon,* 96 N.M. 315, 630 P.2d 267 (1981). By analogy, Section 52–5–9 provides no relief.

## CROSS–APPEAL.

Respondents concede that their proposed findings and conclusions took the position that Worker was not entitled to fees at all because her attorney had not secured a benefit for her. Thus, Respondents did not request findings on the various factors considered by the WCJ in determining reasonable fees, such as the number of hours reasonably and necessarily spent by Worker's attorney on the matter, the extent to which the issues were contested, or the novelty and complexity of the issues. *See Woodson v. Phillips Petroleum Co.,* 102 N.M. 333, 695 P.2d 483 (1985) (discussing factors to be considered in determining a fee). Nevertheless, they argue that the WCJ was required to make findings on the various factors either by Section 52–5–7(B), or by our holding in *Jennings v. Steven J. Gabaldon Construction,* 97 N.M. 416, 640 P.2d 522 (Ct.App.1982). We disagree.

 As we have noted above, nothing in the language of Section 52–5–7(B) indicates that it applies to subsequent orders awarding attorney fees. A court cannot read into a statute language that is not there, particularly when the statute makes sense as written. *Burroughs v. Board of County Comm'rs,* 88 N.M. 303, 540 P.2d 233 (1975). Similarly, to the extent that Respondents rely on language in *Jennings* to the effect that the failure to enter specific findings of each of the factors considered in determining reasonable fees is reversible error, we note that language was specifically overruled by our Supreme Court in *Woodson,* 102 N.M. at 339, 695 P.2d at 489. By failing to file proposed findings and conclusions on the specific factors to be considered in determining the fees, Respondents waived findings and conclusions on those issues. *See Bower v. Western Fleet Maintenance,* 104 N.M. 731, 726 P.2d 885 (Ct.App.1986); *see also* SCRA 1986, 1–052(B)(1)(f) (Repl.1992).

 

*CONCLUSION.*

For these reasons, Respondents' motion to dismiss Worker's appeal is granted, and the order awarding attorney fees is affirmed.

IT IS SO ORDERED.

PICKARD and BLACK, JJ., concur.