910 P.2d 313

**Hans P. JUENG, Petitioner–Appellant,**

v.

**NEW MEXICO DEPARTMENT OF LABOR, EMPLOYMENT SECURITY DIVISION, and Public Service Company of New Mexico, Respondents–Appellees.**

No. 22791.

Supreme Court of New Mexico.

Jan. 17, 1996.

Legal Aid Society of Albuquerque, Inc., Angelica Anaya–Allen, Jane L. Yee, Gabrielle Marks, Albuquerque, for Appellant.

N.M. Department of Labor, Employment Security Division, Douglas McKinnon, Jr., Special Ass't Attorney General, Albuquerque,

Salazar & Associates, P.A., Timothy L. Salazar, Jeffrey S. Landers, Albuquerque, for Appellees.

## OPINION

FRANCHINI, Justice.

This appeal requires that we determine whether the district court had jurisdiction to review a final administrative decision denying Petitioner–Appellant Hans Jueng ("Jueng") unemployment compensation benefits. Jueng appeals from the district court's dismissal of his petition for writ of certiorari for lack of subject matter jurisdiction. We review this case pursuant to SCRA1986, 1–081 (Repl.Pamp.1992) and 12–102(A)(6) (Cum.Supp.1995). We reverse and remand with directions to the district court to proceed with Jueng's claim.

*Facts and proceedings.* Following a final administrative decision denying Jueng unemployment compensation benefits, he appealed to the district court by filing a petition for writ of certiorari on October 3, 1994. Although Jueng's petition was timely filed in district court, he served the petition on Respondents–Appellees ("Appellees"), the New Mexico Department of Labor, Employment Security Division, and Public Service Company of New Mexico, on November 18, 1994, which was sixteen days later than required by statute. Thereafter, Appellees filed motions to dismiss Jueng's petition for lack of subject matter jurisdiction based on his failure to fulfill the service requirements of NMSA1978, Section 51–1–8(M) (Cum.Supp. 1995). The district court granted Appellees' motion and dismissed Jueng's appeal.

■ *The service requirement is not a mandatory precondition to the exercise of the district court's jurisdiction.* Appellees contend that Jueng's failure to timely serve the parties as provided in Section 51–1–8(M) deprived the district court of jurisdiction to hear the appeal, and that Jueng failed to properly perfect his appeal in a manner required by law. Therefore, Appellees argue we should affirm the district court's decision dismissing Jueng's appeal. We disagree.

In the Unemployment Compensation Act, NMSA1978, Sections 51–1–1 to –58 (Repl.

Pamp.1993 & Cum.Supp.1995), the legislature expressly provided the unemployed worker the substantive right to appeal an adverse administrative decision. For purposes of this appeal, we examine the following two subsections of the Act, which provide in pertinent part:

M. Any determination or decision ... in the absence of an appeal therefrom as provided by this section shall become final fifteen days after the date of notification or mailing thereof.... The division and any employer or claimant who is affected by the decision shall be joined as a party in any judicial action involving any such decision. *All parties shall be served with an endorsed copy of the petition within thirty days from the date of filing and an endorsed copy of the order granting the petition within fifteen days from entry of the order.* Service on the department shall be made on the secretary or his designated legal representative either by mail with accompanying certification of service or by personal service....

N. The final decision of the secretary or board of review upon any disputed matter may be reviewed both upon the law, including the lawful rules of interpretation issued by the secretary, and the facts by the district court of the county wherein the person seeking the review resides *upon certiorari,* unless it is determined by the district court where the petition is filed that, as a matter of equity and due process, venue should be in a different county.... *Such certiorari shall not be granted unless the same is applied for within thirty days from the date of the final decision of the secretary or board of review.* Such certiorari shall be heard in a summary manner and shall be given precedence over all other civil cases.... It shall not be necessary in any proceedings before the division to enter exceptions to the rulings and no bond shall be required in obtaining certiorari from the district court as hereinabove provided, but such certiorari shall be granted as a matter of right to the party applying therefor.

Section 51–1–8 (emphasis added).

Appellees contend that the steps the legislature has established for perfecting an appeal are jurisdictional and cannot be waived. *See In re Angel Fire Corp.,* 96 N.M. 651, 634 P.2d 202 (1981); *In re Metropolitan Invs., Inc.,* 110 N.M. 436, 440, 796 P.2d 1132, 1136 (Ct.App.), *certs. denied,* 110 N.M. 330, 795 P.2d 1022 (1990). While we recognize that "[j]urisidiction of the matters in dispute does not lie in the courts until the statutorily required administrative procedures are fully complied with," we still must determine which of the administrative steps in this Act are jurisdictional. *Angel Fire,* 96 N.M. at 652, 634 P.2d at 203. In other words, the precise question before us is whether the legislature intended the service requirements listed in Section 51–1–8(M) to be jurisdictional.

The purpose of New Mexico's Unemployment Compensation Act is to minimize the "serious menace to the health, morals and welfare of the people of this state" caused by "economic insecurity due to unemployment" by providing "benefits for periods of unemployment." Section 51–1–3 (Declaration of state public policy). In light of the remedial nature of the Unemployment Compensation Law, we must apply the rule of liberal construction. *See Michaels v. Anglo Am. Auto Auctions, Inc.,* 117 N.M. 91, 94, 869 P.2d 279, 282 (1994); *State ex rel. Komac Paint & Wallpaper Store v. McBride,* 74 N.M. 233, 236, 392 P.2d 577, 579 (1964). Additionally, we recognize that "an aggrieved party [has] an absolute right to one appeal." N.M. Const. art. VI, § 2. In *Trujillo v. Serrano,* 117 N.M. 273, 276, 871 P.2d 369, 372 (1994), we reiterated that procedural rules are applied to facilitate this right rather than hinder it. Accordingly, rather than dismiss an appeal on a technicality, "[i]t is the policy of this court to construe its rules liberally to the end that causes on appeal may be determined on the merits." *Id.* (quoting *Jaritas Live Stock v. Spriggs,* 42 N.M. 14, 16, 74 P.2d 722, 722–23 (1937)); *accord Govich v. North Am. Sys. Inc.,* 112 N.M. 226, 230, 814 P.2d 94, 98 (1991).

In the instant case, Appellees maintain that unless there is strict compliance with the service requirements set forth in Section 51–1–8(M), jurisdiction to hear the appeal does

not vest with the courts. Appellees contend that the legislature's use of the phrase "[a]ll parties shall be served" in Section 51–1–8(M) unequivocally indicates a legislative intent to make service a threshold requirement to proceed with any judicial appeal. We are not persuaded by Appellees' argument. Even though the legislature intended service to be an important step in the appeal process, it does not necessarily follow that the legislature also intended compliance with that rule to be jurisdictional. While a few jurisdictions require both filing and service of notice to exercise jurisdiction over an appeal, the rule in New Mexico has generally been that the sole act of filing a notice gives rise to jurisdiction. *See Russell v. University of N.M. Hosp.*, 106 N.M. 190, 193, 740 P.2d 1174, 1177 (Ct.App.) *cert. denied*, 106 N.M. 174, 740 P.2d 1158 (1987).

New Mexico has long recognized a distinction between the court's jurisdiction to hear the appeal and its authority to render judgment against a particular party. *See El Dorado Utils., Inc. v. Galisteo Domestic Water Users Ass'n*, 120 N.M. 165, 169, 899 P.2d 608, 612 (Ct.App.1995). "In the typical civil case in district court, failure to serve a party with process in a proper manner generally means only that the court has no power over that party and cannot render [a] judgment binding that party." *Id.* In its recent opinion concerning an administrative appeal from the state engineer, the Court in *El Dorado* reaffirmed this distinction by explaining that:

> One might therefore draw the inference that the full scope of the requirement that parties be properly served with process has been incorporated into the preconditions for district court jurisdiction set forth in Section 72–7–1(B). *When one appreciates, however, that the purpose of the general laws governing service of process is to govern only the court's authority to render judgment against individual parties rather than to limit the court's jurisdiction to hear the case*, such an inference can be recognized as reading too much into *Angel Fire*.

*Id.* at 168–69, 899 P.2d at 611–12 (emphasis added).

In ascertaining legislative intent, this Court presumes that "the legislature is well informed as to the existing statutory and common law." *Michaels*, 117 N.M. at 94, 869 P.2d at 282. Liberally construing this statute, the present statutory scheme together with the language of the statute clearly preserves this well-recognized distinction.

Nonetheless, Appellees contend that the case presently before us is controlled by the holdings in *Angel Fire, El Dorado* and *Metropolitan Investments*. These cases, however, are distinguishable. In each of those cases, the courts analyzed the specific statutory language and the scheme governing judicial appeals from the state engineer. *See* NMSA1978, § 72–7–1(B) (Repl.Pamp.1985). The statutory provision at issue here is distinguishable from the language in Section 72–7–1(B). The language in Section 72–7–1(B) provides an entirely different appeals procedure from that set forth in Section 51–1–8. To perfect an appeal under Section 72–7–1(B) requires only service of the notice of appeal with the state engineer (and other interested parties). Therefore, compliance with the service requirement simultaneously constitutes the filing of the appeal. *See Angel Fire*, 96 N.M. at 652, 634 P.2d at 203; *Metropolitan Invs.*, 110 N.M. at 440, 796 P.2d at 1136.

In contrast to the statute analyzed in *Angel Fire, El Dorado,* and *Metropolitan Investments*, Subsections 51–1–8(M) and (N), provide a clear distinction between the requirements of jurisdiction and service. The legislature separated Section 51–1–8 into lettered paragraphs, dividing the requirements to invoke a court's jurisdiction and the requirements to properly serve a party into two different subsections. Subsection 51–1–8(M) defines who shall be a party in a judicial appeal and how they shall be served, whereas the provisions of Subsection 51–1–8(N) provide the steps to be taken before a court has jurisdiction to hear the appeal. There is no nexus or bridge between these subsections; the two subsections fulfill different functions and include no cross-references. On the basis of the structure and wording of these provisions, we conclude that the legislature intended Subsection (M) to govern notifica-

tion of the parties and for Subsection (N) to specify the prerequisites to the district court's jurisdiction. We therefore conclude that strict compliance with the service requirements is not a precondition to jurisdiction over the appeal. Our conclusion on this point effectuates what we perceive to be the legislature's intent, *see State ex rel. Helman v. Gallegos,* 117 N.M. 346, 352, 871 P.2d 1352, 1358 (1994), and also comports with principles of liberal construction. In *Mitchell v. Dona Ana Savings & Loan Ass'n,* 111 N.M. 257, 804 P.2d 1076 (1991), we held that an attorney's failure to prosecute an appeal of a sanction imposed by the trial court in his own name did not deprive the appellate court of jurisdiction. We declined to hold that the federal appellate rule requirement that the notice of appeal specify the party taking the appeal was a jurisdictional requirement. We view our holding in this case as consistent with the holding we reached in *Mitchell.* That is, we limit the number of formal hurdles an appellant must overcome to obtain review.

■ *Jueng substantially complied with the service requirements of Section 51–1–8(M).* As a matter of judicial economy to advance the ultimate resolution of this case on the merits, we next determine whether Jueng substantially complied with the statutory provisions. Upon analysis of the record,

we are satisfied that Jueng filed his petition with the district court within the requisite thirty days following the final administrative decision. This action gave the district court jurisdiction over the appeal. Although Jueng did not strictly comply with the statutory service requirements, in liberally construing the statute, we hold that Jueng substantially complied with the statute's purpose, which is to give notice of his appeal to Appellees. Service of the petition and the order on the parties was only sixteen days late.[1] Appellees have shown no unfair prejudice to any substantive right. Upon review of the applicable statute, we hold that the service requirement in Section 51–1–8(M) is not a precondition to the court's jurisdiction.

*Conclusion.* Based on the foregoing, the order of the district court dismissing Jueng's appeal is reversed and the cause remanded for adjudication of this matter on its merits.

**IT IS SO ORDERED.**

RANSOM and MINZNER, JJ., concur.

---

1. According to the sequence of events, Jueng made every effort to comply with the procedural requirements. There was, however, a substantial amount of confusion as to the proper service dates because Jueng's appeal was transferred to three different district court judges.