This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ROBERTA OLIVAS, f/k/a**
**ROBERTA PEKARCIK,**

Petitioner-Appellee

v.                                                    **NO.  31,851**

**PHILIP PEKARCIK,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**T. Glenn Ellington, District Judge**

Roberta Olivas
Santa Fe, NM

Pro Se Appellee

Philip Pekarcik
Los Lunas, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Respondent, pro se, seeks to appeal from the district court's order denying his motion to change venue and awarding Petitioner attorney fees. We issued a notice of proposed summary disposition, proposing to dismiss for lack of a final, appealable order. Respondent has filed a response to our notice, which we have duly considered. We remain unpersuaded that the order from which Respondent seeks to appeal is final and appealable at this time. We dismiss.

In his docketing statement, Respondent asked this Court for an immediate stay of the upcoming hearing, and asks us to reverse the order for attorney fees, to "[r]emand jurisdiction to the Santa Clara Pueblo," and to order Petitioner to pay him the two fees she owes him. [DS 22] Respondent contended that jurisdiction was proper in the tribal court of Santa Clara Pueblo, not the district court and that attorney fees were wrongfully awarded for Petitioner to respond to the motion to change venue. [DS 18]

Our notice explained why we believe that Respondent seeks to appeal from a non-final order. We also observed that the district court's order does not include the certification language required under Rule 1-054(B)(1) NMRA to render the order final and immediately appealable. [RP 374] *See* Rule 1-054(B)(1) (requiring the district court to finalize one but fewer than all of the claims upon a certification that "there is no just reason for delay"). In the absence of a final order and district court

certification, we explained that it appeared there was no sound basis upon which to extend our jurisdiction to resolve Respondent's issues now.

We specially observed that, under certain circumstances, an order for attorney fees can be treated as a collateral, outstanding matter that may be separately appealed. *See, e.g., Trujillo v. Hilton of Santa Fe,* 115 N.M. 398, 402, 851 P.2d 1065, 1069 (Ct. App. 1993) (noting that "the critical issue is whether the subsequent proceedings [regarding attorney fees] will alter the judgment or moot or revise the decision embodied therein"). We explained that the order for attorney fees, however, must be collateral to a *final* judgment to be separately appealable and then the appealing party has the choice to appeal from the final judgment immediately or wait to appeal from the order resolving the collateral, pending matter of attorney fees. *See, e.g., Executive Sports Club, Inc. v. First Plaza Trust,* 1998-NMSC-008, ¶¶ 6-14, 125 N.M. 78, 957 P.2d 63. Such principles of finality are born of practicality and "are intended to assist the courts in promoting judicial efficiency and preventing piecemeal appeals," not to create an otherwise unappealable order from the collateral matter of attorney fees. *Id.* ¶ 11. Because there is no final order underlying the award of attorney fees, we proposed to conclude that this is not a situation in which the award of attorney fees is separately appealable.

In response to our notice, Respondent pursues only his challenge to the district court's award of attorney fees. [MIO 1-2] Thus, he has abandoned all other issues. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue). Also, Respondent does not address our finality analysis. Rather, he simply asserts without argument or citation to any authority, that the district court's order regarding attorney fees is a final decision. We disagree for the reasons stated in our notice.

Based on the foregoing, we dismiss Respondent's appeal for lack of a final, appealable order.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____

4

**TIMOTHY L. GARCIA, Judge**