This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**KERRY KRUSKAL,**

    Plaintiff-Appellant,

v.                                                 **NO. 34,229**

**MIKE MELLIGER AND**
**SABROSO RESTAURANT,**
**d/b/a SABROSO L.L.C.,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sarah C. Backus, District Judge**

Kerry Kruskal
Arroyo Seco, NM

Pro Se Appellant

Walcott & Henry P.C.
Charles V. Henry, IV
Santa Fe, NM

for Appellees

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Plaintiff Kerry Kruskal (Plaintiff), in a self-represented capacity, appeals from the district court's order dismissing with prejudice his complaint against Defendants Mike Mellinger and Sabroso Restaurant (Defendants). [RP 38] This Court issued a calendar notice proposing to affirm. Plaintiff has filed a "response to proposed disposition," which we duly considered. Unpersuaded, we affirm.

{2}     In this Court's calendar notice, we noted that the New Mexico Human Rights Act (NMHRA) does not provide for de novo trial in district court where a person has not first exercised the process available through the NMHRA. *See* NMSA 1978, § 28-1-10 (2005) (providing for trial de novo in district court in lieu of a hearing before the division); NMSA 1978, § 28-1-13 (2005) (providing for trial de novo in district court on an appeal from an order of the division). [CN 2] This Court further noted that the district court does not have jurisdiction of a NMHRA matter until Plaintiff has exercised the administrative remedies available to him under the NMHRA. *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 10, 127 N.M. 282, 980 P.2d 65 (providing that under the NMHRA, a plaintiff must exhaust his or her administrative remedies against a party before bringing an action in district court against that party); *see also In re Application of Angel Fire Corp.*, 1981-NMSC-095, ¶ 5, 96 N.M. 651,

634 P.2d 202 ("Jurisdiction of the matters in dispute does not lie in the courts until the statutorily required administrative procedures are fully complied with."). [CN 2–3]

{3}     In response, Plaintiff asserts that he has filed a complaint with an administrative agency other than the Human Rights Commission (Commission). [Response 1] Plaintiff does not, however, assert that he filed a complaint with the Commission and either completed the procedure to waive a hearing before the Commission in favor of a trial de novo in district court pursuant to Section 28-1-10, or sought a trial de novo in district court on appeal from an unfavorable decision by the Commission as permitted by Section 28-1-13. Plaintiff thus has not shown that he exhausted his administrative remedies and that the district court had jurisdiction of his claim.

{4}     For the reasons set forth in our notice and above, we affirm.

{5}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**M. MONICA ZAMORA, Judge**

3