BARKETT, Judge.
We reverse a final summary judgment entered in a class action suit in favor of appellee, Joel Miller, and “all persons similarly situated” (plaintiffs below).
This case arises from the payment of a $2.00 fine for a parking ticket by Miller. Approximately two weeks after paying the parking ticket, Miller filed suit against appellant City of Hollywood, seeking restitution of the $2.00 fine, plus interest, court costs, and attorney’s fees. Miller also sought to recover all monies paid by similarly situated individuals from the issuance and payment of similar parking tickets since 1974. The gravamen of Miller’s claim is that he and the other class members were “deprived of property without the procedural due process requirement of notice of the right to a hearing.” He contends that the language on the parking citation is insufficient to apprise a recipient that he has a right to a hearing. The parking citation at issue provides:
To clear the citation please submit the fines as scheduled, using the attached envelope. The Bureau must be contact *656 ed (921-3434) or the fine paid within 48 hours, or a warrant will be issued for the owner of this vehicle. [Emphasis added.]
In his complaint, Miller alleges that his payment was made “under protest” and “under compulsion and fear that the failure to pay could result in an increased fine, arrest and/or adverse notice to the Florida Division of Drivers’ Licenses.” There is no allegation, however, that the other members of the class paid under protest and compulsion.
The trial court granted Miller’s motion for summary judgment, awarding plaintiffs $548,809.56 in damages and interest, which included $56.00 in costs and $175,000.00 in attorney’s fees to Miller’s law firm, Miller and Squire, Chartered.
Initially, we note that we cannot find, nor has counsel cited, any case that stands for the proposition that the appropriate remedy for the alleged wrong is the return of the fine which has been paid. Miller complained that his due process rights were violated by the failure to advise him of his right to a hearing. Even if this were true, and we do not agree that it is, the appropriate remedy would be the hearing to which Miller would have been entitled, and not the return of monies which might in fact be due should he be found guilty of the parking violation. It is, however, not necessary to reach the issue of whether restitution of the paid fine is a legally cognizable remedy under these facts because we find that the citation in question provides adequate notice of an alternative to the payment of the fine. The citation tells the recipient to pay or call a specific phone number. Calling the telephone number indicated is a clear and obvious alternative to paying the fine.
Miller’s reliance on Wilson v. Health and Hospital Corporation of Marion County, 620 F.2d 1201 (7th Cir.1980), and Memphis Light, Gas and Water Division v. Craft, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978), is misplaced. We find those cases inapplicable to these facts. To the contrary, as the seventh circuit notes in Wilson, “[t]he elements required to be included in the notice are to be tailored to the circumstances of the case and depend upon an appropriate accommodation of the competing private and governmental interests involved.” 620 F.2d at 1214. See also Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 685 (1950).
In this case, Miller simply could not have been deprived of any property interest without a hearing before the county court. The alternative to paying the fine is calling the traffic bureau. This is not unreasonable, onerous, or burdensome and is sufficient under these circumstances to protect the due process rights of parking ticket recipients.
Lastly, we note that even if Miller had been deprived of due process, under City of Miami v. Keton, 115 So.2d 547 (Fla.1959), he would be precluded on these facts from any recovery.
Accordingly, the summary judgment is reversed and this cause is remanded with directions to the trial court to enter a final judgment for the appellant.
HURLEY, J., and WESSEL, JOHN D., Associate Judge, concur.