2005-NMCA-095

116 P.3d 839

Patricia TRUJILLO, Petitioner–Appellee,

v.

Jan GOODWIN, Secretary of the New Mexico Department of Taxation and Revenue, Motor Vehicle Division, Respondent–Appellant.

No. 24,115.

Court of Appeals of New Mexico.

March 30, 2005.

Patricia Trujillo, Albuquerque, NM, Pro Se Appellee.

Patricia A. Madrid, Attorney General, Albert Roland Fugere, Special Assistant Attorney General, Santa Fe, NM, for Appellant.

Brian A. Pori, Inocente, P.C., Albuquerque, NM, for Amicus Curiae New Mexico Criminal Defense Lawyers Association.

## OPINION

PICKARD, Judge.

{1} Respondent (sometimes called Motor Vehicle Division or MVD) appeals from the district court's granting of Petitioner's petition for a writ of mandamus, ordering that her plea of guilty to a traffic offense, made pursuant to signing a uniform traffic citation, be withdrawn and that the metropolitan court proceed to trial on the matter. We reverse because no one was ever properly served with process in this matter and it appears, as a result, that no one appeared for Respondent below.

## FACTS

{2} Petitioner's verified petition alleged that she was accused of running a red light and that the officer gave her the option of "setting the matter for court or admitting her guilt and paying the penalty assessment." The petition further alleged that Petitioner did not know that she was waiving her "right to Driving Improvement School" and that the plea was not knowing and voluntary. A certificate of service appears at the end of the petition, indicating that "a true and correct copy of the foregoing was mailed to Respondent." No other service was made.

{3} The matter came before the district court following a notice of hearing, also mailed to Respondent, but there was no appearance for Respondent. At the hearing, the district court granted the writ of mandamus and ordered that Petitioner's plea be withdrawn and that MVD return a copy of the uniform citation to metropolitan court for a trial on the merits. The district court had been presented with a form of alternative

writ, but since there was no appearance for MVD, the district court crossed out the portions that made the writ alternative and entered a final or peremptory writ. MVD appeals.

{4} After MVD filed its brief in this case, Petitioner did not respond and the case was submitted in accordance with Rule 12–312(B) NMRA. However, because this case is one of several raising similar issues, we perceived the matter to be of public importance, and we invited the participation of the New Mexico Criminal Defense Lawyers Association as amicus curiae. We are grateful for its participation, which has provided Petitioner with advocacy. When we refer in this opinion to Petitioner's contentions, we are referring to arguments made on her behalf by amicus.

## DISCUSSION

{5} MVD contends that the district court never acquired jurisdiction over it because neither it nor the Attorney General was ever personally served with process allowing the district court to acquire jurisdiction over it. MVD also contends that the face of the petition did not show a valid basis for issuance of the writ inasmuch as it did not show that MVD had any clear legal duty under the facts of the case to return the citation to metropolitan court.

{6} Although we need not address the merits of the involuntary plea issue in this case, we express our reservations about Petitioner's claim on the merits. While the answer brief speaks of an involuntary plea due to "misrepresentations about the consequences of [the] plea," the petition did not allege any such misrepresentations. The petition simply alleged that the officer gave Petitioner the choice of going to court or paying the assessment. This appeared to be an accurate statement of the choice Petitioner faced.

{7} The consequences to which Petitioner refers are a "right to avoid fines and points by participating in the Driver Improvement School." However, as MVD notes, points appear to be collateral consequences about which there is no duty to advise at the time of the taking of a plea. *See, e.g., People v. Hampton,* 619 P.2d 48, 52

(Colo.1980) (en banc); *State v. Carney,* 584 N.W.2d 907, 909 (Iowa 1998) (per curiam). To the extent that Petitioner claims that she was required to be advised that appearing in court might result in a lesser sentence than the penalty assessment fine, we are holding today that such is not required. *See Vigil v. N.M. Motor Vehicle Div.,* 2005–NMCA–057, ¶¶ 13–15, 137 N.M. 438, 112 P.3d 299.

{8} It is well established in our cases that a court lacks jurisdiction to pronounce judgment over a defendant or respondent unless that defendant or respondent has been properly summoned into court. *See Bourgeious v. Santa Fe Trail Stages, Inc.,* 43 N.M. 453, 456, 95 P.2d 204, 206 (1939). The jurisdictional requirement of perfecting service has survived the enactment of the Rules of Civil Procedure. *In re Application No. 0436–A Into 3841,* 101 N.M. 579, 581–82, 686 P.2d 269, 271–72 (Ct.App.1984). The nature of the jurisdictional requirement was set forth as follows by our Supreme Court: "[F]ailure to serve a party with process in a proper manner generally means ... that the court has no power over that party and cannot render [a] judgment binding that party." *Jueng v. N.M. Dep't of Labor,* 121 N.M. 237, 240, 910 P.2d 313, 316 (1996) (internal quotation marks and citations omitted).

{9} The proper manner of service in this case is provided in NMSA 1978, § 38–1–17(A) & (H) (1970) and Rule 1–004(F)(3)(b) NMRA, which state that service on the State of New Mexico in any action in which a department is named a party is by "handing," § 38–17–17(H), or "delivering," Rule 1–004(F)(3)(b), the summons and complaint, or in this case the alternative writ and petition, to the head of the department and the attorney general. It is undisputed that there was no such service in this case, as Petitioner certified that she mailed the petition to the department head. *See Wirtz v. State Educ. Ret. Bd.,* 1996–NMCA–085, ¶¶ 13–14, 122 N.M. 292, 923 P.2d 1177 (holding that mailing is insufficient when the statute requires delivery). At the hearing, Trujillo informed the district court that she also faxed the petition, but that does not amount to personally delivering the process, such as is required by Rule 1–004. *Compare* Rule 1–004(E) (permit-

ting service by mail in certain circumstances), *and* Rule 1–005(C)(1) NMRA (defining delivery for papers other than those that initiate the action to include both handing the paper to the person and faxing it), *with* Rule 1–004(F) (requiring personal delivery).

{10} Petitioner relies on *Bombach v. Battershell,* 105 N.M. 625, 627–28, 735 P.2d 1131, 1133–34 (1987), for the proposition that we should overlook any technical deficiencies in the lack of personal service because the record reflects that MVD had actual notice of the case and the date of the hearing by mail. However, that case involved an alleged defect in the manner of service as provided in a lease, and not the defect in personal service as provided in the Rules of Civil Procedure. Petitioner cites no cases standing for the proposition that a district court has jurisdiction to issue a binding judgment against a party not served in accordance with Rule 1–004 who does not somehow waive the defects in service.

## CONCLUSION

{11} As the court below lacked power to issue a binding judgment, we must reverse the issuance of the peremptory writ of mandamus and final order. We remand with instructions to vacate the writ and final order and for further proceedings when and if proper service is made upon Respondent.

{12} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, Chief Judge and A. JOSEPH ALARID, Judge.