2005-NMCA-057

112 P.3d 299

**Manuel VIGIL, Petitioner–Appellee,**

v.

**NEW MEXICO MOTOR VEHICLE DIVISION, Respondent–Appellant.**

**No. 24,208.**

Court of Appeals of New Mexico.

March 30, 2005.

Manuel Vigil, Albuquerque, NM, Pro Se Appellee.

Patricia A. Madrid, Attorney General, Albert Roland Fugere, Special Assistant Attorney General, Santa Fe, NM, for Appellant.

Brian A. Pori, Inocente, P.C., Albuquerque, NM, for Amicus Curiae New Mexico Criminal Defense Lawyers Association.

## OPINION

PICKARD, Judge.

{1} Respondent (sometimes called Motor Vehicle Division or MVD) appeals from the district court's granting of Petitioner's petition for a writ of mandamus, ordering that his plea of guilty to a traffic offense, made pursuant to signing a uniform traffic citation, be withdrawn and that the metropolitan court proceed to trial on the matter. We reverse because MVD did not have a clear duty to forward a penalty assessment traffic citation to the metropolitan court when Petitioner's allegations did not rise to the level of what would be required to entitle him to withdraw his guilty plea.

## FACTS

{2} Petitioner's petition alleged that he was accused of driving 72 miles per hour in a zone where the speed limit was 50 miles per hour. He alleged that he was given the choice of "sign[ing] the citation acknowledging guilt" or "appear[ing] in court at a later date to contest guilt." Petitioner alleged that he was driving with the flow of traffic, but could not truthfully testify that he

was not speeding. He further alleged that he had since learned that his speedometer was not working. His basic complaint, however, was that the officer did not advise him that he could appear in court and acknowledge factual guilt, but request that the court defer adjudication of guilt in light of his excellent driving record. As a result, he claimed to have "inadvertently and unknowingly waived his right to seek a deferred sentence."

{3} After several hearings addressing service of process issues, MVD filed a response on the merits and the matter came before the district court for a hearing on the merits. At that hearing, Petitioner could not remember what happened when he received his ticket, so the court had Petitioner read the factual allegations of his petition and swore him in with the intent of having this procedure substitute for Petitioner's current testimony. MVD then argued its position on the merits.

{4} Its position, which it reiterates on appeal, is that (1) it had no clear duty to allow withdrawal of the penalty assessment inasmuch as the officer told Petitioner his two choices, Petitioner chose one, and the statutes do not allow him to change his mind; (2) Petitioner had an adequate remedy at law in that he could appeal his license suspension when he did not pay the fine; (3) Petitioner failed to join an indispensable party—the officer; and (4) laches. The district court granted the petition, withdrawing Petitioner's guilty plea and ordering MVD to return a copy of the uniform citation to metropolitan court for trial on the merits. MVD appeals, arguing the four issues raised above, and in addition arguing an issue concerning the alleged lack of verification of the petition for the writ. As this last issue was not called to the district court's attention at the final hearing, prior to which problems with service and verification were supposed to have been resolved, we do not reach the issue. *See Collado v. N.M. Motor Vehicle Div.,* 2005–NMCA–056, ¶ 8, 137 N.M. 442, 112 P.3d 303 [No. 23,938 (Mar. 30, 2005) ].

{5} After MVD filed its brief in this case, Petitioner did not respond and the case was

submitted in accordance with Rule 12–312(B) NMRA. However, because this case is one of several raising similar issues, we perceived the matter to be of public importance, and we invited the participation of the New Mexico Criminal Defense Lawyers Association as amicus curiae. We are grateful for its participation, which has provided Petitioner with advocacy. When we refer in this opinion to Petitioner's contentions, we are referring to arguments made on his behalf by amicus.

**DISCUSSION**

{6} We only need address MVD's assertion that it had no clear duty to return the traffic citation to metropolitan court under the circumstances of this case. *See Brantley Farms v. Carlsbad Irrigation Dist.*, 1998–NMCA–023, ¶ 16, 124 N.M. 698, 954 P.2d 763 ("Mandamus lies only to force a clear legal right against one having a clear legal duty to perform an act[.]"). We agree with MVD under the facts of this case, although we also agree with the district judge that, under different facts, such as when a police officer physically forced a driver to sign the citation, MVD might have such a clear duty. We begin with an explanation of penalty assessment procedure in New Mexico, and then we discuss the due process rights of people entering pleas.

{7} New Mexico law provides that, with certain exceptions, mainly for more serious offenses, *see* NMSA 1978, § 66–8–122 (1985), persons arrested for motor vehicle violations who are not given warning notices are to be given the choice of appearing in court upon their promise to appear, as evidenced by signing the notice to appear section of a uniform traffic citation, or paying the penalty assessment, as evidenced by signing an agreement to pay the assessment on the uniform traffic citation. NMSA 1978, §§ 66–8–117 (1990) & –123 (1989). The penalty assessment amounts for ordinary traffic violations are set forth in NMSA 1978, § 66–8–116 (2003), and range from $10 to $30 for most violations, including speeding up to 15 miles per hour over the speed limit, although there are penalty assessments as high $200 for speeding over 35 miles per hour over the speed limit and $300 for littering. In addition, there are various fees that must be paid

that could add up to $50. *See* NMSA 1978, § 66–8–116.3 (2003).

{8} If a person elects to accept the penalty assessment, the person's signature is an admission of guilt and the payment of the assessment is to be made within 30 days. Section 66–8–117. Thereafter MVD remits the payment to the state treasurer for distribution. NMSA 1978, § 66–8–119 (1998). MVD is authorized to suspend the license, without a preliminary hearing, of anyone who its records show has not paid a penalty assessment in a timely fashion. NMSA 1978, § 66–5–30(A)(10) (2003). The person may then request a hearing, which shall be scheduled within 20 days. Section 66–5–30(B). If the driver is not satisfied with the results of the hearing, the driver may appeal to district court. NMSA 1978, § 66–5–36 (1999).

{9} An Attorney General's opinion answered in the negative the question whether a person who has accepted and signed a penalty assessment can thereafter change his or her position and request an appearance before a magistrate. N.M. Att'y Gen. Op. 69–88 (1969). The opinion reasoned that there is no provision in the statutes for a change of mind, and the opinion found instructive the statutes of a neighboring state that did provide for an opportunity to reconsider. The opinion concluded that the matter of allowing for reconsideration was for the legislature and that, until statutes were changed, drivers could not reconsider their acceptance of penalty assessments.

{10} The voluntariness of a guilty plea is an issue that is governed by due process principles. *See State v. Moore,* 2004–NMCA–035, ¶ 13, 135 N.M. 210, 86 P.3d 635 (indicating that voluntariness of pleas is essentially a due process issue); *State v. Garcia,* 121 N.M. 544, 548–49, 915 P.2d 300, 304–05 (1996) (similar). "Because due process is a flexible right, the amount of process due at each stage of the proceedings is reflective of the nature of the proceeding and the interests involved, as well as the nature of the subsequent proceedings." *State ex rel. CYFD v. Maria C.,* 2004–NMCA–083, ¶ 25, 136 N.M. 53, 94 P.3d 796.

{11} In the criminal area, our cases require that a defendant be advised of the nature of the charge as well as the mandatory minimum penalty, if any, provided by law and the maximum possible penalty. *Garcia,* 121 N.M. at 548, 915 P.2d at 304 (relying on Rule 5–303(E) NMRA). Another formulation requires that a defendant be advised of the permissible range of sentences. *Id.* at 549, 915 P.2d at 305. While the maximum possible penalty and any mandatory minimum are generally set forth in the statutes proscribing the offenses, Supreme Court approved forms contain various formulations for non-mandatory minimum penalties, ranging from "a suspended sentence," Form 9–406 NMRA (paragraph 2), to no statement of a minimum penalty, Form 9–406A NMRA (paragraph 2); Form 9–408A NMRA, to "probation," Form 9–408 NMRA (paragraph 2 under District Court Approval). No mention is made of conditional discharge or deferred sentencing in these forms, and no form indicates the possibility of being found not guilty or of having the charges dismissed for any one of the myriad other reasons that can result in dismissal.

{12} Nonetheless, because of the ubiquitousness of the language that a defendant must be informed of the permissible range of sentences, *see Boykin v. Ala.,* 395 U.S. 238, 245 n. 1, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), Petitioner claims that his plea was involuntary because the officer did not advise him that he could appear in court and request a deferral of the prosecution or a deferred sentence. As a result, Petitioner claims he has "an absolute constitutional right to withdraw his plea of guilty," and because mandamus lies to prevent unconstitutional conduct by state officers, he further claims he has a right to a writ of mandamus in this case. *See State ex rel. Taylor v. Johnson,* 1998–NMSC–015, ¶ 18, 125 N.M. 343, 961 P.2d 768; *State ex rel. Clark v. Johnson,* 120 N.M. 562, 569, 904 P.2d 11, 18 (1995).

{13} We disagree because, after considering the respective interests involved and the flexibility of the due process response to them, we do not believe that the police officers must advise drivers of all the various possibilities that could happen if one went to court, e.g., the case may be dismissed because the officer does not show up, the judge may be lenient, the judge may give probation, etc. *Cf. Jaouad v. City of New York,* 4 F.Supp.2d 311, 313 (S.D.N.Y.1998) (holding that it is not a violation of due process not to inform ticket recipients of their right to have defective tickets vacated when they are informed that they can pay the ticket or utilize procedures to challenge it); *City of Hollywood v. Miller,* 471 So.2d 655, 655–56 (Fla. Dist.Ct.App.1985) (holding that notice on ticket that required payment of fine or contacting traffic bureau, but did not specifically set forth right to hearing, did not violate due process because "[t]he elements required to be included in the notice are to be tailored to the circumstances of the case and depend upon an appropriate accommodation of the competing private and governmental interests involved." (internal quotation marks and citation omitted)); *see also People v. Krantz,* 58 Ill.2d 187, 317 N.E.2d 559, 564 (1974) (holding that substantial compliance with rule on admonishments to defendants entering pleas does not include being "informed by the court concerning the possible dispositions by way of periodic imprisonment, probation, conditional discharges in cases of juvenile offenders and fines"), *overruled on other grounds by People v. Wills,* 61 Ill.2d 105, 330 N.E.2d 505, 508 (1975).

{14} Penalty assessment misdemeanors are minor offenses that involve at most a few hundred dollars in fines and usually involve less than $100. While not wishing to minimize the impact of such fines on persons of modest means, we must also consider that the legislature has provided a streamlined method of handling these matters that benefits both the driving public and state government. However, the legislature has not made provisions for drivers having second thoughts about whether it was wise to plead guilty. Given the relatively minor consequences involved to the drivers and the potential disruption of otherwise smoothly working procedures, we do not believe that mandamus would lie except in those situations posited by the court below where there was a plea made under duress or some like circumstance. In this connection, we deem it

noteworthy that Petitioner has cited no case that requires the formalities, including those prescribed by *Boykin,* concerning the waiver of such rights as confrontation and self-incrimination, 395 U.S. at 242, 89 S.Ct. 1709, to be observed in cases of minor traffic offenses.

## CONCLUSION

{15} As Petitioner's due process rights were not violated by the choice the officer gave him, MVD did not have a clear duty to return the citation to the metropolitan court. The district court therefore erred in granting mandamus, and we reverse its ruling and remand with instructions to dismiss the petition.

{16} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, Chief Judge and A. JOSEPH ALARID, Judge.