Certiorari Denied, No. 31,727, June 17, 2009

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2009-NMCA-072

Filing Date:    May 6, 2009

Docket No. 28,029

MICHAEL EDMONDS, as
Personal Representative of the
Estate of MARIOARA SHAND,

       Petitioner-Appellee,

v.

CHARLIE MARTINEZ, Sheriff of
Taos County, and TAOS COUNTY,

       Respondents-Appellants.

APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Ricky D. Purcell, District Judge

L. Helen Bennett, P.C.
L. Helen Bennett
Albuquerque, NM

for Appellee

Slease & Martinez, P.A.
Jonlyn M. Martinez
Albuquerque, NM

for Appellant

## OPINION

**ROBLES, Judge.**

{1}     Respondent Charlie Martinez, a former sheriff of Taos County, appeals a district court award of attorney fees and a finding of contempt of court for failure to properly and

timely comply with a writ of mandamus. Martinez argues that (1) process was not served in accordance with Rule 1-004(F) NMRA and, therefore, the district court did not have personal jurisdiction over Martinez; (2) a finding of contempt is inappropriate when a peremptory writ is obtained, and the writ is not properly served on the respondent; (3) the facts and law do not support a finding of contempt; and (4) the award of attorney fees is contrary to New Mexico law. Because we determine that the first issue is dispositive, we do not address the others. We reverse.

## I.    BACKGROUND

**{2}**    In 2002, Marioara Shand was murdered in Taos County by Nathaniel Duran, who was captured and convicted, and whose conviction was upheld by the New Mexico Supreme Court. Petitioner Michael Edmonds, the personal representative of the estate of Marioara Shand, wished to retrieve various personal items that were found on her (a wallet, watch, ring, necklace, coins, keys, identification cards, and credit cards) and began making requests for their return sometime in 2004. Although the items were never used in the prosecution of Duran, they were held in the evidence room at the sheriff's department in Taos during the course of Duran's appeals. Edmonds planned to travel to Sweden where Shand's family lived, over Thanksgiving, to return the items to them.

**{3}**    On October 23, 2006, the chief deputy district attorney sent a fax addressed to Lieutenant Rick Medina in the sheriff's department, granting authority to release the items to Edmonds. Edmonds' attorney called the sheriff's department and left messages for Lieutenant Medina on November 3 and 6 to follow up with the request. The record does not reflect that Edmonds or his attorney spoke with Martinez, left messages for him, or went to the sheriff's department.

**{4}**    On November 17, 2006, Edmonds filed a verified petition for writ of mandamus and writ of replevin, and summons was issued the same day to Martinez in his capacity as the sheriff of Taos County and to Taos County itself. On November 20, service of summons with the petition attached was attempted on Martinez at the sheriff's department by delivering the summons with a copy of the petition attached to an employee who, on the return of the service, was represented as "an agent authorized to receive service of process for [Martinez]." The court filed a writ of replevin and mandamas on November 20. On that same date, service of the writ was also attempted on Martinez at the sheriff's department. Martinez was not in the office at the time, and the paperwork was given to a sergeant, who slid the papers under the door of Martinez's office.

**{5}**    On November 21, Edmonds' attorney called the sheriff's department and was told by an employee that the property would be released the following day. On November 22, Edmonds' attorney called again, and the receptionist told her that Martinez had not seen the writ and the property could be picked up at the sheriff's department at 3:00 p.m. Edmonds' attorney insisted that the property be delivered to her office. Just before 3:00 p.m. on the same day, Edmonds' attorney received a call from an employee at the sheriff's department, who said that Martinez was on a call and could not return the property. Edmonds filed a

2

motion for finding of contempt or order to show cause that afternoon. The following day was Thanksgiving, the day Edmonds was scheduled to travel to Sweden.

**{6}** The district court entered an order to show cause on November 27, and Martinez claims that around that date, he and Lieutenant Medina conducted a search of the evidence room, and the items were not found. In his affidavit, Martinez stated that he never received the fax from the district attorney's office regarding the return of Shand's property; that Edmonds never attempted to contact him; that he was never served with any of the documents filed by Edmonds before November 27; nor did he receive any documents in the mail at his home or office. Martinez also maintains that he was on vacation for Thanksgiving from November 17 to November 27, 2006.

**{7}** During the first week of January 2007, the items were returned to Edmonds when the newly elected sheriff took office and conducted an inventory of the evidence room with the assistance of another law enforcement agency. On February 8, Edmonds requested a hearing on the order to show cause and, four days later, Martinez filed a motion to dismiss the writs and requested a hearing, arguing that Edmonds failed to serve Martinez in accordance with New Mexico law. After a hearing on both motions, the district court found that service was effectuated on Martinez and awarded attorney fees. Following a second hearing on a motion to reconsider, the district court concluded that (1) "service of process was effectuated upon [Martinez], in a manner whereby adequate notice was given;" (2) the "case proceeded on mandamus and not replevin;" (3) no "good faith effort [was made] to comply with the [w]rit of [m]andamus;" (4) "attorney fees of $6,000 should be awarded to [Edmonds] pursuant to the provisions of the Crime Victims Reparation Act;" and (5) "the [m]otion to [s]how [c]ause [was] granted." Martinez was in contempt of court for failure to properly and timely comply with the writ of mandamus, but no sanctions were imposed.

## II. DISCUSSION

**{8}** Neither party disputes the facts as related to service of the writ, petition, and summons on Martinez. The question in this case is whether the manner that was employed to effectuate service was sufficient under our rules of civil procedure. An appellate court is deferential to the facts found by the trial court, but reviews conclusions of law de novo. *Strata Prod. Co. v. Mercury Exploration Co.*, 121 N.M. 622, 627, 916 P.2d 822, 827 (1996). Interpretation of a statute is a question of law, which an appellate court reviews de novo. *See Morgan Keegan Mortgage Co. v. Candelaria*, 1998-NMCA-008, ¶ 5, 124 N.M. 405, 951 P.2d 1066.

**{9}** We need not analyze any possible distinction between service of a writ and service of a summons and petition since Martinez was not personally served in either instance. New Mexico has long recognized that "a court lacks jurisdiction to pronounce judgment over a defendant or respondent unless that defendant or respondent has been properly summoned into court." *Trujillo v. Goodwin*, 2005-NMCA-095, ¶ 8, 138 N.M. 48, 116 P.3d 839. A court has no power to bind a party to a judgment when that party has not been properly served with process. *Jueng v. N.M. Dep't of Labor*, 121 N.M. 237, 240, 910 P.2d 313, 316 (1996).

3

**{10}** In the instant case, the district court found that "service was effectuated in a manner whereby adequate notice was given[.]" Martinez correctly notes that the body of the writ named him as the "Respondent" and required that service was to be undertaken according to the provisions of NMSA 1978, Section 42-8-9 (1975), which provides that "[w]henever any writ of replevin is granted against the sheriff of any county in this state, the judge of the district court shall designate a person to *serve process on the defendant*." (Emphasis added.) There is no statute that governs service of process for writs of mandamus as there is with replevin. Lacking such statutory guidance, service is governed by Rule 1-065 NMRA, which governs how writs are issued by district courts, and Rule 1-004, which governs service of process. *See also* Rule 1-001 NMRA (defining "service of process" as delivery of a writ or other process in the manner provided by Rule 1-004). Rule 1-065(H) provides that "service of a copy of the writ . . . *shall be made upon* all adverse parties forthwith. . . . [T]he term 'adverse parties' shall include the *real parties in interest required to be named in the petition*." (Emphasis added.) Likewise, Rule 1-004(D)(3) states that "if the process to be served is a writ . . . service shall be made as provided by law or order of the court." Here, the body of the writ required that Martinez be served personally.

**{11}** For personal service, sufficiency of notice is guided by Rule 1-004(F), which states:

> Personal service of process shall be made upon an individual by delivering a copy of a summons and complaint or other process:
>
> (1)
> > (a) to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service; or
> > (b) by mail or commercial courier service as provided in Subparagraph (3) of Paragraph E of this rule.
>
> (2) If, after the plaintiff attempts service of process by either of the methods of service provided by Subparagraph (1) of this paragraph, the defendant has not signed for or accepted service, service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process; or
>
> (3) If service is not accomplished in accordance with Subparagraphs (1) and (2), then service of process may be made by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment.

**{12}**   The Committee Comments for Rule 1-004(F) state:

>    The 2004 Amendment makes substantial changes in Rule 1-004(F). . . . A hierarchy of methods of service has been established.
>
>    . . . .
>
>    Rule 1-004(F)(3) is new.  It may be used *only* when service of process has been attempted, unsuccessfully, in accordance with Rule 1-004(F)(1) and Rule 1-004(F)(2).  Rule 1-004(F)(3) provides that service may be made by delivering a copy of the summons and complaint to the person apparently in charge of the actual place of business of the defendant *and* mailing a copy of the summons and complaint to the defendant *both* at the defendant's last known mailing address and also the defendant's actual place of business.

(Emphasis added.)

**{13}**   Martinez argues that, by simply leaving the writ at his office, Edmonds failed to properly serve process on him.  We agree.  Edmonds did not attempt to have a copy of the writ served as required under this rule.  There is no evidence in the record that Edmonds attempted to have service effected by someone going to Martinez's residence after determining that he was not at the sheriff's department consistent with Rule 1-004(F)(2).  *See Klumker v. Van Allred*, 112 N.M. 42, 45, 811 P.2d 75, 78 (1991) (stating that the term "abode" refers to the place "where a person *lives*" (internal quotation marks omitted)).  Additionally, Edmonds has not claimed, and the record does not reflect, that a copy of the writ was ever mailed to either the sheriff's department or to Martinez's last known mailing address before or after the writ was left at the sheriff's department.  *See Schneider Nat'l, Inc. v. N.M. Taxation & Revenue Dep't*, 2006-NMCA-128, ¶ 14, 140 N.M. 561, 144 P.3d 120 (stating that a party relying on service by mail has the burden of proving the mailing).  As this Court has stated, "a judgment entered without notice or service is constitutionally infirm. . . . Failure to give notice violates the most rudimentary demands of due process of law." *Wirtz v. State Educ. Ret. Bd.*, 1996-NMCA-085, ¶ 16, 122 N.M. 292, 923 P.2d 1177 (internal quotation marks omitted).  We believe this service of process to be lacking under Rule 1-004.

**{14}**   Edmonds argues that Martinez had actual and constructive notice, and that this Court should recognize substituted service in this case.  Edmonds cites the fact that attempts to acquire the property had been going on for some time, and that phone calls were made to the sheriff's department after November 20, 2006.  Additionally, Edmonds contends that it is a "reasonable inference" that Martinez intentionally "made himself unavailable" and sought to avoid being served because phone calls from Edmonds' attorney were made to the sheriff's department and those that answered the phone represented that the department would comply with the request and deliver the items.  We are unpersuaded.

**{15}**   Reasonable inferences are not based on supposition or conjecture.  *Stambaugh v. Hayes*, 44 N.M. 443, 445, 103 P.2d 640, 645 (1940).  If evidence arguably supports two

theories, it tends to prove neither. *Id.* Here, it is just as probable that Martinez was on vacation and had no notice, as it is that he was making himself unavailable and avoiding Edmonds. New Mexico does recognize that where a defendant intentionally hides or avoids service, his actions may constitute a waiver of notice. *Clark*, 92 N.M. at 673, 593 P.2d at 1076. However, without a finding by the district court that Martinez was intentionally avoiding service, it is pure speculation that he was aware of and avoided the minimal and isolated attempt made by Edmonds. Telephone calls to Martinez's office do not substitute for the requirements of Rule 1-004, and the mere fact that Edmonds had attempted to recover the property in the past does not change the fact that Martinez had no notice of the writ.

**{16}** Edmonds contends that Rule 1-004(F) allows for personal service by leaving the process at the location where the individual to be served has been found. It is therefore reasonable to infer that a sheriff would be found at the sheriff's department. That is a misreading of Rule 1-004(F)(1)(a), which requires service "to the individual *personally*; or if the individual *refuses to accept* service, by leaving the process at the location where the individual *has been found.*" (Emphasis added.) Thus, the person to be served must first be found, and then offered the opportunity to refuse service before the paperwork may be left where the individual has been found.

**{17}** Finally, Edmonds advocates for a broader interpretation of Rule 1-004 that allows service to be performed in a manner reasonably calculated to bring the proceedings to the attention of the defendant. We note that Rule 1-004(E)(1) provides that "[p]rocess shall be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." However, Rule 1-004(E)(2) states that "[s]ervice may be made, *subject to the restrictions and requirements of this rule*, by the methods authorized by this rule or in the manner provided for by any applicable statute, to the extent that the statute does not conflict with this rule." (Emphasis added.) Edmonds cites no cases standing for the proposition that a district court has jurisdiction over a party when personal service was not effectuated subject to the requirements of Rule 1-004.

## III.   CONCLUSION

**{18}** For the reasons stated above, we hold that service did not comply with Rule 1-004 and, accordingly, we reverse.

**{19}**   **IT IS SO ORDERED.**

 

 

 

**ROBERT E. ROBLES, Judge**

**WE CONCUR:**

 

**MICHAEL D. BUSTAMANTE, Judge**

_____
**JONATHAN B. SUTIN, Judge**

**Topic Index for** _Edmonds v. Martinez_**, No. 28,029**

| | |
|---|---|
| **CP** | **CIVIL PROCEDURE** |
| CP-CT | Contempt |
| CP-SP | Service of Process |
| CP-WR | Writs |
| | |
| **JD** | **JURISDICTION** |
| JD-PR | Personal |
| | |
| **ST** | **STATUTES** |
| ST-IP | Interpretation |