This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**FLAGSTAR BANK, FSB,**

  **Plaintiff-Appellee,**

 **vs.**          **No. 33,212**

**TOR MAVESTRAND & JANE DOE MAVESTRAND, HUSBAND AND WIFE; WELLS FARGO BANK, N.A.; ABC CORPORATIONS I-X; XYZ PARTNERSHIPS I-X, JOHN DOES I-X, THE UNKNOWN HEIRS AND DEVISEES OF ANY OF THE ABOVE, IF DECEASED,**

  **Defendants-Appellants.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

McCarthy & Holthus
Denise A. Snyder
Albuquerque, NM

McCarthy Holthus & Levine

Matthew Silverman

Scottsdale, AZ

for Appellee

Eric Ortiz, Attorney at Law
Eric N. Ortiz
Jean Y. Kao
Joseph C. Gonzales
Albuquerque, NM

for Appellant Tor Mavestrand

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1} Appellant-Defendant Tor Mavestrand (Mavestrand) appeals from the district court's order denying his motion to set aside the default judgment and vacate the foreclosure sale of his home. Our notice proposed to reverse and Plaintiff-Appellee Flagstar Bank (Bank) filed a memorandum in opposition. We are unpersuaded by Bank's arguments, and therefore reverse.

{2} Mavestrand's issues relate to the central contention that the district court erred in denying his Rule 1-060(B) NMRA amended motion to set aside the default judgment. [DS 4; RP 90, 97, 110, 116, 122] We review the district court's denial of a motion to set aside a default judgment for abuse of discretion. *See Sunwest Bank v. Roderiguez*, 1989-NMSC-011, ¶ 6, 108 N.M. 211, 770 P.2d 533. Mavestrand argues that the default judgment should be set aside based on Bank's failure to properly serve

him with the summons and complaint. [DS 4] Mavestrand also argues that the default judgment should be set aside because he had a meritorious defense. [DS 4] For reasons discussed below, we conclude that the propriety of the district court's ruling on the motion to set aside turns on the sufficiency of the service of process.

{3}    In support of its argument that the service of process was sufficient [MIO 5], Bank points to pleadings in the record proper and their attached exhibits which reflect that Mavestrand was properly served with the summons and complaint. In significant part, these pleadings and attached exhibits include a certified mail receipt card with what appears to be Mavestrand's signature that he received the summons and complaint [RP 97, 101, 104, 116; MIO 2], as well as an affidavit of service by the process server. [RP 100] We acknowledged these pleadings and attached exhibits in our notice, but pointed out that the matter of personal service was nonetheless disputed below. To this end, the docketing statement provides that "Mavestrand was never personally served . . . [and] [i]t was established later that Jane Doe [Jane Doe Mavestrand, Husband's named wife] was served with summons and complaint via certified mail." [DS 2] Consistent with this, Mavestrand's challenge to the service of process was set forth in his affidavit below [RP 93] and, while not apparent from the record proper, perhaps too at the hearing on his motion to set aside the default judgment. [RP 114] Bank disputes Mavestrand's position that he was not served,

3

arguing Mavestrand "failed to provide evidence that the description provided in the [a]ffidavit of service was false and failed to state the signature on the green card was not his . . . [and] [i]nstead . . . prepared a self-serving affidavit claiming service was not perfected." [MIO 5; RP 93]

{4}     Bank suggests in its memorandum in opposition that the district court resolved the dispute over personal service, asserting that the district court "found that service was perfected upon [Mavestrand] and [Mavestrand] received proper service." [MIO 5] Significantly and problematically, however, and as we noted in our notice, the district court's order does not resolve the factual dispute over whether Mavestrand received proper service of process. Instead, the district court's order provides that "regardless of whether service was proper," Mavestrand had actual notice of the complaint [RP 122] for purposes of establishing jurisdiction over Mavestrand for the default judgment. [DS 3; RP 122] Thus, rather than resolve the dispute over whether Mavestrand received proper service of process, the district court instead attempted to rely on Mavestrand's actual notice of the summons and complaint to establish its jurisdiction over Mavestrand. [RP 122]

{5}     As discussed in our notice, actual notice alone was not enough to give the district court jurisdiction over Mavestrand, because case law provides the district court lacks jurisdiction over a defendant absent that individual being properly summoned

4

into court. *See generally Trujillo v. Goodwin*, 2005-NMCA-095, ¶ 10, 138 N.M. 48, 116 P.3d 839 (refusing to overlook technical deficiencies in service, although defendant had actual notice of the case, where plaintiff "cite[d] no cases standing for the proposition that a district court has jurisdiction to issue a binding judgment against a party not served in accordance with Rule 1-004 who does not somehow waive the defects in service"); *Edmonds v. Martinez*, 2009-NMCA-072, ¶ 17, 146 N.M. 753, 215 P.3d 62 (rejecting broader interpretation of the service statute allowing service "to be performed in a manner reasonably calculated to bring the proceedings to the attention of the defendant[,]" where plaintiff "cited[d] no cases standing for the proposition that a district court has jurisdiction over a party when personal service was not effectuated subject to the requirements of Rule 1-004"). Accordingly, absent proper service or waiver of service of process, the district court lacked jurisdiction to enter default judgment against Maverstrand, such that the default judgment should be set aside. *See Ortiz v. Shaw*, 2008-NMCA-136, ¶ 17, 145 N.M. 58, 193 P.3d 605 (holding that "where the court never acquires jurisdiction over a defendant because of improper service, it abuses its discretion in refusing to set aside a default judgment"); *see also Capco Acquisub, Inc. v. Greka Energy Corp.*, 2008-NMCA-153, ¶ 46, 145 N.M. 328, 198 P.3d 354 (citing *Ortiz* as authority for the reversal of default judgment against the defendant who had actual knowledge of the suit, but was never

properly served). We decline to resolve the dispute of whether or not Mavestrand received proper service of process in light of the district court's failure to do so. *See*, *e.g.*, *State v. Franks*, 1994-NMCA-097, ¶ 8, 119 N.M. 174, 889 P.2d 209 (recognizing that "ordinarily it is improper for this Court to engage in fact-finding; that is a trial-court function").

{6}    To conclude, we reverse and remand for further proceedings in accordance with this opinion.

{7}    **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**TIMOTHY L. GARCIA, Judge**