This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40037**

**BRYCE FRANKLIN,**

Petitioner-Appellant,

v.

**CORIZON HEALTH,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Maria Sanchez-Gagne, District Judge**

Bryce Franklin
Hobbs, NM

Pro Se Appellant

Holland & Hart LLP
Larry J. Montaño
Julia Broggi
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Petitioner appeals the denial of his petition for writ of mandamus in this Inspection of Public Records Act (IPRA) case. In our notice of proposed disposition, we proposed to reverse. [CN 1, 4] Respondent filed a memorandum in opposition that we have duly considered. Remaining unpersuaded, we reverse.

**{2}** Respondent contends that the district court made a typographical error in its order when it stated that Petitioner had failed to comply with "NMRA 1-0054 [sic]." Respondent posits that the district court intended to refer to Rule 1-004 NMRA, and

thus denial of the petition was actually based on insufficient service of process under that rule. [MIO 4] We remain unpersuaded.

**{3}** "Following the statutes and case law, an action for mandamus commences when a petition for a writ is filed." *Hoyt v. State*, 2015-NMCA-108, ¶ 15, 359 P.3d 147. "After the filing of an application or petition, the district court may, having read the petition and considered its merits, issue either a peremptory or an alternative writ pursuant to the statutory requirements." *Id.*; *see also* NMSA 1978, § 44-2-6 (1884). Once the district court has issued the writ, service is properly effectuated by handing or delivering the writ and a copy of the petition to the opposing party, pursuant to the procedure for service outlined in the rules of civil procedure. *Trujillo v. Goodwin*, 2005-NMCA-095, ¶ 9, 138 N.M. 48, 116 P.3d 839.

**{4}** In this case, it is undisputed that the district court had not issued either an alternative or peremptory writ prior to denying the petition. Consequently, Petitioner was not yet under an obligation to serve anything upon Respondent, and denial of the petition on this basis was improper. *See* NMSA 1978, § 44-2-8 (1884) (explaining that the court shall, "by an indorsement on the writ," provide a return date and direct the manner of service); *Trujillo*, 2005-NMCA-095, ¶ 9.

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we reverse and remand this matter to the district court for further proceedings consistent with this opinion.

**{6}     IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**