This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41658

**BRYCE FRANKLIN,**

Plaintiff-Appellant,

v.

**ACCESS CORRECTIONS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Court Judge**

Bryce Franklin
Santa Fe, NM

Pro Se Appellant

Spencer Fane, LLP
Scott Woody
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**WRAY, Judge.**

{1}     The district court dismissed Plaintiff's complaint against Defendant, Access Corrections, without prejudice for insufficient service. On appeal, we conclude that Plaintiff did not satisfy the requirements of Rule 1-004 NMRA for the proper service of a business entity by mail and that the district court did not abuse its discretion by concluding that Plaintiff did not act with reasonable diligence under the circumstances. We therefore affirm.

**DISCUSSION**

**{2}** Because this is a memorandum opinion, we reserve factual discussion for that necessary to explain our analysis. On appeal, the parties dispute whether Plaintiff satisfied the requirements for proper service under Rule 1-004(E) and Rule 1-004(G), and whether, regardless, Plaintiff acted with reasonable diligence to serve Defendant under Rule 1-004(C)(2). In these circumstances, we are "deferential to the facts found by the [district] court, but review[] conclusions of law de novo." *See Edmonds v. Martinez*, 2009-NMCA-072, ¶ 8, 146 N.M. 753, 215 P.3d 62. "A district court's determination that a plaintiff failed to act with reasonable diligence under Rule 1-004(C)(2), and whether the complaint should be dismissed as a result, is reviewed only for abuse of discretion." *Murphy v. Lash*, 2024-NMCA-031, ¶ 18, 545 P.3d 1169. We begin with the provisions of Rule 1-004 before turning to the parties' specific arguments.

**{3}** Rule 1-004(E) is titled, "Process; how served; generally." Initially, Rule 1-004(E)(1) directs that "[p]rocess shall be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." Next, the rule addresses the relationship between the service methods identified in the rule and any applicable statute. Rule 1-004(E)(2). Last, Rule 1-004(E)(3) explains:

> Service may be made by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process. Service by mail or commercial courier service shall be complete on the date the receipt is signed as provided by this subparagraph. For purposes of this rule "signs" includes the electronic representation of a signature.

We refer to the service described in Rule 1-004(E)(3) as mail service. Thus, generally under Rule 1-004(E), mail service may be made on the defendant or a person authorized to accept service if one of those persons signs a receipt for the service.

**{4}** For its part, Rule 1-004(G) is titled, "Process; service on a corporation or other business entity." For identified business entities, in relevant part, under Rule 1-004(G)(1)(a), service may be made on an officer, managing or general agent, or any other agent authorized by appointment. Under Rule 1-004(G)(2), again in relevant part,

> [i]f a person described in Subparagraph (a) . . . of this subparagraph refuses to accept the process, tendering service as provided in this paragraph shall constitute valid service. If none of the persons mentioned is available, service may be made by delivering a copy of the process or other papers to be served at the principal office or place of business during regular business hours to the person in charge.

According to Rule 1-004(G)(3), mail service under Rule 1-004(E)(3) may be made on the persons identified in Rule 1-004(G)(1).

**{5}** If service under these or other methods is delayed, the district court may "exercise its discretion in determining whether a delay in service of process demonstrates a lack of due diligence on the part of a plaintiff based on a standard of objective reasonableness." *Graubard v. Balcor Co.*, 2000-NMCA-032, ¶ 12, 128 N.M. 790, 999 P.3d 434; *see* Rule 1-004(C)(2) (providing broadly that "[s]ervice of process shall be made with reasonable diligence, and the original summons with proof of service shall be filed with the court in accordance with the provisions of Paragraph L of this rule"). In that inquiry, "[i]f the [district] court determines that a plaintiff failed to exercise due diligence in serving process on a defendant, the court must exercise its discretion to determine whether the delay warrants dismissal of the complaint." *Romero v. Bachicha*, 2001-NMCA-048, ¶ 23, 130 N.M. 610, 28 P.3d 1151.

**{6}** With this legal background, we turn to the arguments that Plaintiff makes to attempt to demonstrate that the district court abused its discretion by dismissing the complaint for insufficient service. Plaintiff, who is a New Mexico state prisoner, maintains that the original service, made in April 2023, was proper because the summons and complaint were mailed to Defendant's principal place of business pursuant to Rule 1-004(G)(2). Plaintiff also argues that Defendant was properly served a second time when he mailed a copy of the complaint and summons to Defendant's registered agent in August 2023. Last, Plaintiff contends that regardless of whether service was sufficient, he established that he acted with due diligence under the circumstances to effect service, and dismissal was therefore improper. We address each argument in turn.

**{7}** Plaintiff's April 2023 attempt to serve Defendant at its principal place of business did not comply with the conditions in Rule 1-004. Under Rule 1-004(G)(2), "a copy of the process or other papers to be served" may be delivered to "the principal office or place of business." Plaintiff, however, used Rule 1-004(G)(2) in tandem with the mail service option, and under that rule, service is not "complete" until a person who is authorized to accept service "signs a receipt for the envelope or package." *See* Rule 1-004(E)(3). Plaintiff contends that because of a lack of resources and online access, he could not discover Defendant's registered agent and as a result, the registered agent was "unavailable" for the purposes of Rule 1-004(G)(2). Assuming both that this assertion is factually true and that a person may be "unavailable" for the purposes of Rule 1-004(G)(2) if a plaintiff is unable to identify them, Plaintiff nevertheless did not respond to Defendant's motion to dismiss with any allegation or evidence that any receipt was signed by a person authorized to accept service or a "person in charge."[1] *See id.* Plaintiff therefore did not show that the April 2023 service was accomplished. *See* Rule

---

[1] It is not clear whether our Supreme Court intended for Rule 1-004(G)(2) and Rule 1-004(E)(3) to combine such that when a person identified in Rule 1-004(G)(1) refuses service and/or is not available, mail service under Rule 1-004(E)(3) on a "person in charge" is permissible under Rule 1-004(G)(2). We need not consider the intent behind the rules further because we conclude that even if combining the rules in this manner is permissible, Plaintiff did not satisfy the requirements.

1-004, comm. cmt. ("[S]ervice is accomplished when the summons and complaint are mailed to the named defendant in a manner that calls for the recipient to sign a receipt upon receiving the envelope containing the summons and complaint and the defendant-recipient or a person authorized by appointment or by law to accept service of process on behalf of the defendant signs the receipt upon receiving the mailed envelope or package.").

**{8}** Plaintiff's attempt to serve Defendant in August 2023 also did not comply with Rule 1-004. According to Plaintiff, in August 2023 Plaintiff served Defendant a second time at an address for the registered agent that was disclosed in an attachment to Defendant's motion to dismiss. *See, e.g.*, NMSA 1978, § 53-11-14 (1967) (providing that "[t]he registered agent appointed by a corporation shall be an agent of the corporation upon whom any process, notice or demand required or permitted by law to be served upon the corporation may be served"). Plaintiff contends that the evidence that the mail was properly addressed and sent raises a presumption that Defendant received the August 2023 service. Defendant responds that the record contains evidence to demonstrate that any presumption was rebutted. We need not resolve this dispute.[2] Although such service may have complied with Rule 1-004(G)(1)(a) and (G)(3), Plaintiff again relies on mail service as set forth in Rule 1-004(E)(3). The record shows no evidence that the registered agent signed a receipt for the envelope or package. *See id.* As a result, service was not "complete[d]." *See id.*; *see also* Rule 1-004, comm. cmt. ("Service is complete when the receipt is signed.").

**{9}** Even though Plaintiff's efforts did not satisfy Rule 1-004, the district court had the discretion to determine whether the delay in service showed a lack of due diligence and therefore warranted dismissal of the complaint. *See Romero*, 2001-NMCA-048, ¶ 23; *see also* Rule 1-004(C)(2) (requiring that service be made with "reasonable diligence"). Plaintiff argues that Defendant was not prejudiced by the delay and that he exercised due diligence because (1) the April 2023 attempt at service was brought to Defendant's attention by the end of May 2023, as shown by Defendant's motion to dismiss; and (2) with delays inherent in the prison mail system and the need to request that the district court issue the summons again, Plaintiff was not able to arrange for a second attempt at service until August 2023. We do not address Plaintiff's prejudice argument because it was raised for the first time in the reply brief. *See Hale v. Basin Motor Co.*, 1990-NMSC-068, ¶ 23, 110 N.M. 314, 795 P.2d 1006 (declining to address an issue because it was "raised for the first time in the reply brief"). Otherwise, based on the evidence at the hearing, we cannot say that the district court abused its discretion.

**{10}** The April 2023 service attempt was associated with a different case number, similar to a separate case that Plaintiff had filed against another defendant, and possibly had a date that predated the filing of the complaint. The inmate purchase order that Plaintiff attached to the proof of service filing to document the April 2023 service attempt is difficult to read, and Plaintiff does not resolve the discrepancies by affidavit or other

---

2Because we conclude that the August 2023 attempt at service did not comply with Rule 1-004, we also need not address Defendant's argument that a plaintiff may not cure defective service by compliance with Rule 1-004 after a defendant has filed a motion to dismiss for insufficient service.

evidence. *See* Appendix A, filed May 30, 2023. As late as August 2023, the tracking number for the April 2023 attempted service showed only "Status Not Available" and indicated the tracking number might be incorrect. The second service, attempted in August 2023, was sent to the street address, and not the mailing address, of the registered agent. The proof of service document and exhibits for the second service attempt do not appear to have reached Defendant's counsel in part because counsel's address had a typo in an initial pleading, though the documents were filed on the court docket.

**{11}** From April to October 2023, after two attempts, Plaintiff had not complied with the service rules by obtaining a signature from a person authorized to accept service, as required for mail service. Because the dismissal was without prejudice, Plaintiff could attempt proper service of a timely refiled complaint. Under these circumstances, we decline to conclude the district court abused its discretion in dismissing Plaintiff's complaint without prejudice. *See State v. Ferry*, 2018-NMSC-004, ¶ 2, 409 P.3d 918 ("Discretion is the authority of a district court judge to select among multiple correct outcomes.").

**CONCLUSION**

**{12}** We affirm.

**{13} IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**

**APPENDIX A**

| CNMCF/CMR/CMU | RCC | PNM | SNMCF | SNMCF-POU | WNMCF |
|---|---|---|---|---|---|
| PO Drawer 1328 | 578 Chickasaw Rd | PO Box 1059 | PO Box 639 | PO BOX 2005 | PO Drawer 250 |
| Los Lunas, NM 87031 | Hagerman, NM 88232 | Santa Fe, NM 87504 | Las Cruces, NM 88004 | Las Cruces, NM 88004 | Grants, NM 87031 |

**INMATE PURCHASE ORDER**

76394

To: *Access Corrections*                    Date: 1/11/__ 20 __

Number and Street: *10 880 Linpge Place*     Name: *_____*

Number: *7____*                              City: *_____*

Housing Unit: *_____*                        Mailbox#: *_____*   State: *N*

Please complete the following order. Do not substitute for the merchandise requested. Check for full amount enclosed. Do **NOT** Send Merchandise on a Penitentiary account or C.O.D. No transaction on a charge basis will be accepted.

| Catalog | Quantity | Description of Article or Service | Size | Cost |
|---|---|---|---|---|
| | | *CERTIFIED MAIL* | | |
| | | *POSTAGE* | | |
| | | 7019 0160 0000 6801 3248 | | |
| | | *SUMMONS AND COMPLAINT* | | |
| | | *D-307-CV-2023-0097* | | |
| | | | | |
| | | | | |
| | | | | $8.32 |
| | | | | |

Authorization is granted to debit my account and issue a check in the total shown for purchase of merchandise services indicated.

APPROVED: _____   No. 76394     Amount of Order:$ _____

Signature of Authorized Officer     Signature of Inmate          Postage: $ _____

Distribution:  White-Business Office     Canary-Vendor     Pink-Purchaser     Check No. _____     Total: $ _____